ALBERT H. PEEPLES v. J. A. CORBETT.

157 So. 510.
Division B.
Opinion Filed November 13, 1934.

*Alfred T. Airth* and *John F. Farrell*, for Appellant;
*F. B. Harrell*, for Appellee.

BUFORD, J.—This appeal is from an order dismissing a bill of complaint, the purpose of which was to produce a decree cancelling a deed purporting to convey certain real estate.

The bill alleges in substance, first, that the real estate was the property of W. L. Peeples, later of Hamilton County at the time of his death. Date of his death is not alleged.

Second: That A. A. Peeples was a son of W. L. Peeples.

Third: That subsequent to the death of W. L. Peeples, A. A. Peeples committed suicide.

Fourth: That Florence Peeples was the sole heir at law of A. A. Peeples.

Fifth: That as such heir at law she claimed fee simple title to the lands which her husband held under claim of inheritance from his father.

Sixth: That A. A. Peeples conspired with another to effect the murder and death of his father, W. L. Peeples, and that in pursuance of such conspiracy the said W. L. Peeples was killed and murdered.

Seventh: That besides A. A. Peeples, the said W. L. Peeples left surviving him one son, the complainant, and three daughters who were the sole heirs at law of W. L. Peeples entitled to inherit his property because A. A. Peeples by the act above referred to had forfeited his right of inheritance.

Eighth: That the complainant had purchased the interest in the lands described belonging to each of the other heirs and now holds fee simple title to the same clouded by the deed from Florence Peeples to J. A. Corbett.

The statute applicable to the descent and distribution of real estate governing the property here involved was that part of Section 3618 R. G. S., 5483 C. G. L., which reads as follows:

"Whenever any person having title to real estate of inheritance shall die intestate as to such estate, it shall descend in parcenary to the male and female kindred, in the following course, that is to say:

"To the children or their descendants and the husband, if the decedent be a married woman and the husband survive her."

The statute makes no exception of those descendants who may be guilty of having brought about the death of the decedent.

Under statutes like ours there has been much conflict in the decision of courts as to whether or not the right to inherit would be forfeited by one who encompasses the death of the person from whom the inheritance would otherwise be derived.

We think it would serve no useful purpose to discuss these authorities because in this case the record shows that acting under the statutes of descent and distribution, one who claimed by descent has conveyed the property involved to a third person by a deed of conveyance which shows upon its face that it conveys a fee simple title. There is no allegation that the grantee in that deed had any knowledge or information that any alleged forfeiture had been worked by his predecessor in title. There had been no judicial pronouncement by the courts of competent jurisdiction of this State to the effect that the statute of descent and distribution would not apply to one otherwise entitled to inherit property who had unlawfully occasioned the death of, or murdered, the person whose property he would otherwise inherit. If it was constitutionally within the province of the Legislature to eliminate persons guilty of unlawful homicide of a decedent from whom they would otherwise inherit from exercising or being entitled to the right of inheritance, the Legislature did not do this until the enactment of Chapter 16,103, Acts of 1933. Section 32 of that Act provides:

"Section 32. *Murderer.* Any person convicted of the murder of a decedent shall not be entitled to inherit from the decedent or take any portion of his estate as a legatee or devisee. The portion thereof to which such murderer would otherwise be entitled in the estate of the decedent shall pass to the persons entitled thereto, as though such murderer had died during the lifetime of the decedent."

It will be noted that the legislative enactment only excludes those from inheritance who have been *convicted* of the murder of a decedent from whom they would otherwise inherit.

This is a salutary provision and the condition applying only to those who have been convicted of murder is a wise one. If one murders his ancestor, he should not profit by

his wrong, but, before he should be required to forfeit his right of inheritance, his guilt should be established beyond a reasonable doubt. Otherwise, a wicked and designing son might murder his father and then accuse his brother of the murder and by what might appear to be a preponderance of evidence sufficiently establish that as a fact to not only acquire that moiety of the father's property which would have come to him by inheritance had his father died of natural causes, but also acquire that part of the inheritance to which his brother is entitled.

Under the facts presented in this case, we think the statute should be given effect as it was written. Therefore, we hold that the bill of complaint does not allege facts which warrant the granting of the relief prayed. If it be that the complainant in this suit has acquired title to certain interests in the property he has his remedy at law to enforce his rights in regard to such title.

Were it not for the fact that the Legislature, by the 1933 Act above referred to, has legislated in regard to the question here under consideration, we would deem it necessary to more fully discuss the question and give further reasons and cite authorities supporting our conclusion but such course could serve no useful purpose at this time.

For the reasons stated, the order sustaining the demurrer and dismissing the bill of complaint is affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.