207 So.2d 472 (1968)
Virginia Faye P. HAMILTON and Virginia Faye P. Hamilton, As Mother and Natural Guardian of Jerri Sue Gomez, a Minor, Appellants,
v.
LIBERTY NATIONAL LIFE INSURANCE COMPANY, an Alabama Corporation Authorized to Do Business in the State of Florida, and Hope Virginia Hamilton, a Minor, and George Raymond Hamilton, Jr., a Minor, Appellees.
No. 67-203.
District Court of Appeal of Florida. Second District.
February 28, 1968.
*473 William Lamar Rose, Fort Myers, for appellant, Virginia Faye P. Hamilton.
Loyd C. Mosley, Clearwater, for appellant, Jerri Sue Gomez, a minor.
James A. Franklin, Jr., of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee, Liberty Nat. Life Ins. Co.
B. Clarke Nichols, of Carroll, Vega, Brown & Nichols, Naples, for appellee, George Raymond Hamilton, Jr., a minor.
PIERCE, Judge.
This is an appeal by Virginia Faye P. Hamilton, individually and as mother and natural guardian of Jerri Sue Gomez, a minor, from an adverse judgment entered by the Collier County Circuit Court in an interpleader action instituted by Liberty National Life Insurance Company, plaintiff therein.
Plaintiff sought a judicial determination of the proper recipient or recipients of proceeds of a $10,000 life insurance policy on George Raymond Hamilton, deceased husband of appellant, Virginia Faye P. Hamilton. The complaint named as defendants therein appellants Virginia Faye P. Hamilton and Jerri Sue Gomez and appellees Hope Virginia Hamilton and George Raymond Hamilton, Jr. Defendants Virginia Faye Hamilton and Jerri Sue Gomez have appealed from the final judgment, which *474 among other things, barred their participation in the insurance proceeds.
In view of the unusual factual structure of the case and the manner in which the complex questions arose, it is essential to review the "family" background before discussing the posture of the case as it went to the trial Court.
Virginia Faye Price and George Raymond Hamilton were married in Valdosta, Georgia, on April 9, 1957. They were divorced about May 21, 1958, and either on that day or the day following, Virginia married one Paul Gomez. Some weeks thereafter, on June 8, 1958, the child Jerri Sue Gomez was born to Virginia.
Virginia remained married to Gomez until sometime in 1964, when they were divorced. During the time Virginia was married to Gomez, George Hamilton married Mary ____, and they had a child, George Raymond Hamilton, Jr. George and Mary were later divorced. Then Virginia and George Hamilton remarried about August 21, 1965. At the time of her remarriage to George, Virginia was pregnant with Hope Virginia Hamilton, who was born on March 9, 1966.
After this remarriage, George obtained an insurance policy on his life in the amount of $10,000 with Liberty National, with Virginia Faye Hamilton named as sole beneficiary. The policy contained a double indemnity clause in case of accidental death.
On December 3, 1965, some three months before Hope Virginia Hamilton was born,[1] Virginia shot and killed her husband George during a domestic squabble. An information was filed against Virginia charging murder in the second degree.
Virginia thereafter filed a claim with Liberty National for the insurance proceeds. Liberty National refused to pay and, while the criminal charge was still pending, instituted this interpleader action to determine the proper beneficiaries, later amending to have determination of whether the death of George was accidental or not, under the double indemnity clause aforesaid. Liberty National, while asserting it is a stakeholder only as to the basic $10,000 payment, denies liability for the second $10,000, claiming the death was not an accident.
Virginia Hamilton came to trial on the criminal charge and was found not guilty by a jury.
Later, the case sub judice came on for trial before the Court sitting without a jury. In due course, final judgment was entered containing substantially the following findings:
(a) that Virginia Faye P. Hamilton "unlawfully and feloniously" killed George Raymond Hamilton;
(b) that Jerri Sue Gomez is the legal child of Paul Gomez (not George Raymond Hamilton);
(c) that George Raymond Hamilton was a "participating mutual agressor" in the acts preceding his death, which death was "reasonably foreseeable";
(d) that there was a "community and concert of interest and mutuality of identity" of George Raymond Hamilton, Jr., and Hope Virginia Hamilton as the legal children of George Raymond Hamilton;
(e) that there was an "antagonistic interest" between Virginia Faye P. Hamilton and the two minor children last above *475 mentioned in "the outcome of the instant litigation".
The final judgment thereupon ordered that 
(1) both Virginia Faye P. Hamilton and the daughter Jerri Sue Gomez "take nothing" from the proceeds of the policy;
(2) the double indemnity provisions of the policy for accidental death "are not applicable" and "no liability exists" thereon;
(3) the proceeds of the policy be paid to "a common fund for the use and benefit of George Raymond Hamilton, Jr., and Hope Virginia Hamilton in equal shares * * * under proper guardianship proceedings";
(4) Virginia Faye P. Hamilton be "perpetually enjoined" from serving as guardian of the property of Hope Virginia Hamilton;
(5) the "common fund" aforesaid be charged with an attorney's fee of $1,000.00 for George Raymond Hamilton, Jr.'s attorney; and
(6) all costs be assessed against Virginia Faye P. Hamilton.
Virginia Faye Hamilton has assigned here as error each decretal provision of the final judgment. They will be discussed seriatim as they appeared in the judgment.

Rights of Virginia Faye P. Hamilton.
1. Aside from the fact that a judgment arrives at the appellate Court clothed with the presumption of factual correctness and that the burden is on the appellant to establish otherwise, we find in Carter v. Carter, Fla. 1956, 88 So.2d 153, ample authority for the ruling that Virginia "take nothing". The situation in Carter was very similar to that in the instant case, i.e., the wife was named primary beneficiary and was acquitted of the criminal charge growing out of her husband's death. In his order denying the widow's motion for summary judgment, the Chancellor decreed that the "issues will be made up by a preponderance of the evidence whether the claimant wife feloniously killed her husband and further proceedings had in accordance with these views." The widow contended that her acquittal in the criminal proceedings precluded any assault on her right to the insurance proceeds.
In a comprehensive opinion denying certiorari, the Supreme Court held inter alia that this was a civil case and the degree of proof requisite in a criminal trial was not required; and further, with regard to the use of "feloniously killed", it was said: "[b]y the expression `feloniously killed' in this particular type of situation, we understand the Chancellor to have reference to an `unlawful and intentional' killing. As so construed, we find no objection to the use of the word `feloniously'". The rationale of the Carter case was grounded, not upon the Florida statute, F.S. Sec. 731.31, F.S.A., but upon the common law doctrine that "one may not profit by his own wrong."
No reason appears to depart from the sound principles laid down in Carter, there being substantial and credible evidence to sustain the Chancellor's findings. There is therefore no error in the ruling that Virginia Faye "take nothing". Also, no merit is found in her further contention that, should she be barred from full recovery, the insurance proceeds should be paid to the estate, so that she could obtain an equal share with the minor children. If she is barred from "the full" she is certainly barred from "the portion".

Rights of Jerri Sue Gomez.
2. We are in agreement with Jerri Sue's contention that the Court erred in finding that she was not the legal child of George Raymond Hamilton. The contrasting common law presumptions, i.e., that the father is the man to whom the mother was *476 married on the date of conception or that the father is the man to whom the mother is married on the date of birth, were promulgated to protect the child from the shame of illegitimacy and are not determinative of the question of paternity, which is the issue here. The time element does not obviously refute the fact that George Raymond Hamilton was Jerri Sue's father.[2] The mother identifies Hamilton as the father, and if she is willing to expose her child to embarrassment resulting from confusion as to the identity of her father, then we prefer to accept the mother's word and hold that Jerri Sue is Hamilton's child.

Double indemnity for accidental death.
3. The trial Court was correct in holding that the "double indemnity" provisions of the policy did not apply. In Powell v. New York Life Insurance Company, Fla.App. 1960, 120 So.2d 33, 86 A.L.R.2d 437, double recovery was disallowed where it was found that the insured was engaged in an "assault" at the time of his death.
Also, no merit is found in George Hamilton, Jr.'s argument for expansion of the "foreseeability" doctrine on the ground that as George, Sr. had beaten Virginia many times before without resistance, she would again fail to strike back; ergo he must have died accidentally rather than at her hands. It may be true but is too speculative, and besides the Chancellor found otherwise.

The common fund for the children beneficiaries.
4. No error is found in the setting up of a common fund for the benefit of the children of George Raymond Hamilton[3] under supervisory proceedings in the County Judge's Court. Although all defendants advocated payment to the estate of George Raymond Hamilton if Virginia were ruled out as beneficiary, it was well within the province of the trial Court to set up a "common fund".
Again looking to Carter v. Carter, supra, where the administratrix also sought recovery for the estate, it was held that a beneficiary in a similar situation "necessarily must be considered as having reference to * * * a beneficiary eligible to take", and the estate was denied recovery. F.S. § 222.13, F.S.A. provides that insurance proceeds shall pass outside probate and inure to the benefit of the children and surviving spouse. Virginia is not "entitled" as a beneficiary; neither is she qualified indirectly under the provisions of § 222.13. A "common fund" for the children is a logical, certainly a permissible, solution.
Having determined that a common fund should be set up, the matter was quite properly referred to the County Judge's Court as the Court of competent jurisdiction for a guardianship proceeding to assure preservation of the assets for the minors. In light of our holding that Jerri Sue is the legal child of George, Sr., however, the judgment should be altered to include Jerri Sue in the guardianship proceedings for her share of the proceeds.

Enjoining Virginia as guardian.
5. In barring Virginia Faye from serving as guardian of Hope Virginia, we see no encroachment sufficient to usurp jurisdiction of the County Judge's Court. The Chancellor did not name a guardian, *477 nor presume to affirmatively order, much less enjoin, the probate Court in its actions or in its discretion. And, although the language is broad, it is plausible that it was intended only to pertain to the subject matter of the litigation, namely, the insurance proceeds. We find no error, but if error there were, it was harmless.

Attorneys fees.
6. While it is true that attorneys fees are not ordinarily taxable save as provided by statute or contract of the parties, in the circumstances of this case it was within the discretion of the trial court to award the fees of George Hamilton, Jr., from the common fund. We find in 8 Fla.Jur., Costs § 37, the following:
"A court in the exercise of equitable jurisdiction may in its discretion order the allowance of counsel fees from a common fund where an action has preserved, protected, or increased the common fund or common property, or has created a fund in which others may share. Thus, where counsel has been employed to obtain or create a fund for the joint benefit of both parties, his fees, if he prevails, may be paid out of the fund. But if he does not prevail, or if the interests of the parties are adverse, the rule is otherwise."
In line with the foregoing, it would be in order for the lower Court to allow a fee also to the attorney for Jerri Sue.

Costs.
7. There was no error in taxing costs against Virginia Faye. F.S. § 58.04, F.S.A., provides for the taxing of costs against the losing party. Under the circumstances of this case it was within the discretion of the trial Judge to refuse to tax costs against Virginia. By the same token, the taxing of costs against Virginia was no abuse of discretion.
It is unnecessary to further belabor this opinion with discussion of the additional arguments advanced by the parties. We have disposed of the main contentions.
In accordance with the views expressed herein, the judgment appealed is reversed as to the holding that Jerri Sue Gomez is not the child of George Raymond Hamilton, Sr., with directions to include Jerri Sue as a participant in the "common fund" and the guardianship proceedings; and in all other respects is hereby affirmed.
Affirmed in part and reversed in part.
ALLEN, Acting C.J., and HOBSON, J., concur.
NOTES
[1] The sequence of events, and particularly the dates, are important to determination of the controversy. For instance, the claim of Jerri Sue to a share of the insurance proceeds depends upon whether she was conceived while Virginia was married to George Hamilton and hence Jerri Sue would be his child, this despite the fact that on her birth certificate Paul Gomez was listed as the father; and assuming that the mother is barred from recovery as hereinafter held. Only the dates of George Hamilton's death and Jerri Sue's birth are substantiated by documentary evidence; all other dates, such as Virginia's three marriages and two divorces, are gleaned only from the testimony in the record.
[2] Appellee George Hamilton, Jr., in his brief in reply to Jerri Sue, attempts to show lack of access, but using the same dates we find his calculations to be in error and that the separation of Virginia and George occurred one day after, rather than one month prior, to the conception of Jerri Sue.
[3] No one is contesting the fact that Hope Virginia and George, Jr. are the children of George Hamilton, Sr. and entitled to share in the insurance proceeds, if Virginia Faye is barred from full recovery. And we have held that Jerri Sue is his child.