RAWLS, Judge.
Appellant, Founders Life Assurance Company of Florida, appeals an adverse final judgment in favor of appellee, Marianne Harrell.
This controversy arose out of a contract of insurance upon the life of one Joe Harrell, in which his wife, Marianne Harrell, was designated the primary beneficiary and his minor children were designated secondary beneficiaries.
Founders Life’s primary contentions are twofold, viz.: The trial court erred (1) in finding that it had wrongfully withheld insurance proceeds from Mrs. Harrell from the date proof of loss was filed, and (2) in ordering appellant to pay Mrs. Harrell’s attorney’s fees.
The material facts are: On May 8, 1968, Mrs. Harrell shot and killed her husband, Joe Harrell, the insured. Shortly thereafter she was indicted upon a charge of first degree murder. While Mrs. Harrell was under indictment, proof of loss was furnished by her to Founders Life on July 15, 1968. On September 17, 1968,[1] *21 Mrs. Harrell filed suit upon the subject policy. The State nolle prossed the murder indictment against Mrs. Harrell on November 6, 1968, upon the ground that she had killed her husband in self-defense. Subsequently, Founders Life’s attorney advised Mrs. Harrell’s attorney, by letter, that the company was aware of the nolle prosequi and that he had “recommended to Founders that it pay the claim as soon as the Circuit Court makes a finding that Mrs. Harrell was not guilty of unlawfully killing the insured.”[2]
Final judgment was entered in the suit in favor of Mrs. Harrell on January 30, 1970.
We first consider appellant’s contention that it did not wrongfully withhold payment of the insurance policy proceeds to Mrs. Harrell. The face of the subject policy states in bold print that “FOUNDERS LIFE ASSURANCE COMPANY OF FLORIDA, TAMPA, FLORIDA, AGREES TO PAY the Face Amount [$25,000.00] of this Policy to the Beneficiary on receipt of due proof of the death of the Insured * * * ” On July 15, 1968, the insurance company received “due proof of the death of the Insured”, and on that date, it owed to the beneficiary the face amount of the policy. As it developed, almost two years elapsed between the death of the insured and the insurance company’s demonstrating it “ * * * was quite anxious to * * * pay the policy proceeds to the appropriate beneficiary.” The insurance company from the outset took the position that it was the responsibility of the beneficiary to establish that she did not unlawfully and intentionally kill her husband. Such position is not sustained by the jurisprudence in this State.
Carter v. Carter[3] is the landmark opinion concerning this subject. There, the life insurance company filed an interpleader suit alleging that it was dubious of the legal recipient of the proceeds of the policy. Mr. Justice Thornal, speaking for the Supreme Court, after noting that a wrongdoer will not be permitted to profit by his own wrong, stated:
“ * * * The burden of proof in the first instance will rest on the party who alleges that the killing was intentional and unlawful.”
Hamilton v. Liberty National Life Insurance Company[4] also involved a family “squabble” concerning the proceeds of a life insurance policy wherein the primary beneficiary shot and killed her husband, the insured. Here again it is observed that the life insurance company, as plaintiff, instituted an interpleader suit seeking a judicial determination as to the proper recipient of the insurance proceeds. In the instant cause, the insurance company wrongfully withheld disbursement of the insurance proceeds for approximately eighteen months. The duty rested upon the insurance company to promptly disburse the face value of the subject policy or to promptly seek a judicial determination of the rightful beneficiary.
For the foregoing reasons we conclude the trial court did not err in finding that appellant wrongfully withheld insurance proceeds nor in awarding attorney’s fee to *22 the beneficiary. We have carefully considered other points, raised by appellant and find, them to be without merit.
Affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.

. F.S. § 627.0127, F.S.A. reads as follows: “(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had. “(2) As to suits based on claims arising under life insurance policies or annuity contracts, no such attorney fee shall be allowed if such suit was commenced prior to expiration of sixty days after proof of the claim was duly filed with the insurer. “(3) Where so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.”

.Founders Life’s attorney wrote another letter, dated March 21, 1969, which stated :
“On November 29, 1968, I advised you that Founders Life Assurance Company would stipulate to the entry of a final judgment in favor of Mrs. Harrell upon receipt of some proof that the homicide of her late husband was justifiable. The company is quite anxious to conclude this matter and to pay the policy proceeds to the appropriate beneficiary.”

. Carter v. Carter, 88 So.2d 153, 159 (Fla.1956).

. Hamilton v. Liberty National Life Insurance Co., 207 So.2d 472 (Fla.App.2d 1968).