**JOHN HANCOCK MUTUAL LIFE INS. CO. v. GREENE, et al.**
**In re ESTATE OF GREENE.**
Nos. 74-10416-CA and 74-1241-CP.
Circuit Court, Duval County.
November 6, 1975 and July 11, 1975.

W. O. Birchfield and Nicholas E. Monsour of Martin, Ade, Birchfield & Johnson, Jacksonville, for John Hancock Mutual Life Ins. Co.

W. E. Grissett, Jr. and Richard H. May of Grissett & Humphries, Jacksonville, for Virginia A. Greene.

Lester Makofka, Jacksonville, for Anna F. Greene.

Robert G. Alexander and A. Hamilton Cooke of Alexander, Spraker & Cooke, Jacksonville, administrator ad litem for Estate of Walter L. Greene.

JOHN S. COX, Circuit Judge.

*Final judgment, November 6, 1975:* This cause was heard, after due notice, upon the motion of the defendant Virginia A. Greene to fix the fees and costs of the administrator ad litem and for the entry of final judgment herein and upon the motion filed by the administrator ad litem for the estate of Walter L. Greene, deceased, to strike the aforesaid motion of the defendant Virginia A. Greene. Having heard argument of respective counsel and having examined the complete file in this cause and having familiarized itself with the status of proceedings in the probate department of this court in Case No. 74-1241-CP, in which probate case the presiding judge intends to conduct appropriate proceedings to determine beneficiaries of the estate of Walter L. Greene and specifically to determine by the preponderance of the evidence at such hearing or trial whether or not Virginia A. Greene unlawfully and intentionally killed her husband, Walter L. Greene; (See attached copies of order entered July 11, 1975 in Case No. 74-1241-CP and memorandum opinion issued by the presiding judge in that case explaining the reasoning of the court in connection with the order of July 11, 1975); and noting that the proceeds of the insurance policy here in controversy have been deposited into the registry of the court pursuant to order entered herein on May 14, 1975 and that in and by the same order the defendants herein and all other heirs and beneficiaries of the estate of Walter L. Green were restrained and enjoined from instituting any action against the plaintiff herein arising out of the issuance of the policy of life insurance involved in this litigation; and the court further noting that the entitlement, as the case may be, of the defendant, Virginia A. Greene, to participate in the proceeds of said life insurance policy will, of necessity, be determined in the proceedings for determination of heirs of the estate of Walter L. Greene, deceased, in Case No. 74-1241-CP, the court concludes that further litigation in the instant cause and the attendant expenses of such litigation to all parties concerned is not necessary.

Accordingly, it is ordered and adjudged as follows —

1. From the proceeds of the life insurance policy here involved which were deposited into the registry of this court pursuant to the order entered herein on May 14, 1975 the clerk of this court is authorized and directed to disburse the sum of $3,200, as and for the plaintiff's attorney's fees, together with the sum of $54.27, as and for the plaintiff's costs in this proceeding, to Messrs. Martin, Ade, Birchfield & Johnson, 1700 Barnett Bank Building, Jacksonville, Florida.

2. Within ten days from date hereof, the administrator ad litem shall file and serve such motions as he deems necessary to assess a reasonable attorney's fee for his services as such administrator ad litem and to tax his costs expended herein.

3. After hearing and order entered by the court awarding a reasonable attorney's fee and costs, if any, to administrator ad litem, the clerk of this court is authorized and directed to pay over to Robert G. Alexander, Esquire, 1409 Barnett Bank Building, Jacksonville, Florida, as administrator ad litem, from the aforesaid funds deposited into the registry of this court, the amounts specified in said order for the payment of said administrator ad litem's attorney's fees and costs herein.

4. Upon receiving from the clerk of this court the moneys to be awarded by subsequent order for the administrator ad litem's attorney's fees and costs, the said Robert G. Alexander, as administrator ad litem shall be discharged and relieved of and from any further duties or responsibilities as administrator ad litem in this cause.

5. After disbursing the moneys specified or provided for in the preceding paragraphs of this final judgment, and after withholding the amount necessary to pay the clerk's fee for receiving and holding the moneys heretofore deposited into the registry of this court, the clerk of this court is authorized and directed to disburse and deliver the remaining balance of said moneys to the personal representative of the estate of Walter L. Greene, deceased, designated in Case No. 74-1241-CP presently pending in the probate department of this court.

6. Upon receiving said disbursement of funds from the clerk of this court, the personal representative of the estate of Walter L. Greene shall deposit said funds intact in the estate bank account and shall not disburse any portion of said funds until authorized to do so by written order of the presiding judge in presently pending Case No. 74-1241-CP (In re Estate of Walter L. Greene, deceased).

7. Upon agreement with the presiding judge in Case No. 74-1241-CP (In re Estate of Walter L. Greene, deceased) a jury trial will be held in that cause and before that presiding judge, in which trial the entitlement (or lack of entitlement, as the case may be) of Virginia A. Greene, the surviving widow of Walter L. Greene, deceased, to participate in the insurance proceeds here in controversy will be determined in accordance with the statutory law of this state and pursuant to the law and procedure set forth in *Carter v. Carter* (Fla.-1956), 88 So.2d 153, and *Hamilton v. Liberty National Life Insurance Company* (Fla. App.-1968), 207 So.2d 472.

**HAROLD R. CLARK, Circuit Judge.**

*Order, July 11, 1975:* This cause came on to be heard on the motion for summary judgment in favor of Virginia Alma Greene upon the petition to determine beneficiary of this estate filed by Anna F. Greene; there being present at said hearing Richard H. May, Esquire, attorney for Virginia Alma Greene; Lester Makofka, Esquire, attorney for Anna F. Greene; and A. Hamilton Cooke, administrator ad litem for the estate of Walter Leo Greene, deceased; and the court having heard argument of counsel and having received the benefit of memoranda of law, makes the following findings and conclusions of law —

1. The petition to determine beneficiary of the estate filed March 13, 1975 alleges that Walter Leo Greene died as a result of gunshot wounds wrongfully and unlawfully inflicted by Virginia Alma Greene, his wife, who subsequently entered a plea of nolo contendere to the charge of felony manslaughter, Case Number 74-1386-CFR, and is now currently serving five years probation. The petition further alleges that Anna F. Greene is the sister and only living heir of Walter Leo Greene, deceased, other than his widow Virginia A. Greene.

2. Although §731-31, Florida Statutes, requires that a person must be convicted of the murder of a decedent before he shall be barred from inheriting from a decedent or from taking any portion of his estate as a legatee or devisee, this statute is not an exclusive bar and does not limit the application of the common law rule and equitable principle that a person is not permitted to benefit from his own wrong. *Carter v. Carter,* 88 So.2d 153 (Fla. 1956), *Hamilton v. Liberty National Life Insurance Co.,* 207 So.2d 472 (2d D.C.A., 1968).

3. Anna F. Greene, who petitioned to determine the beneficiary of this estate, should be entitled to present evidence in support of her contention that the killing of Walter Leo Greene by his wife, Virginia F. Greene, was intentional, wrongful and unlawful, and

that if the same is proved by a preponderance of the evidence the portion of the decedent's estate to which she would otherwise be entitled is passed to the person entitled thereto as though Virginia F. Greene had died during the lifetime of the decedent, but if the same is not so proved, then Virginia F. Greene shall be determined to be the widow of the decedent and entitled to inherit from him.

It is therefore ordered that the motion for summary judgment is denied and the issues on the trial of the petition to determine the beneficiary of the estate will be made up by the preponderance of the evidence whether Virginia F. Greene unlawfully and intentionally killed her husband and further proceedings had in accordance with these views.

*Memorandum opinion:* This memorandum is written to set forth in further detail the reasoning of this court for its order in this proceeding dated July 11, 1975.

The issue to be determined is whether, on a petition to determine heirs of an estate consisting almost entirely of insurance proceeds, the court should determine in a civil proceeding whether the decedent's widow unlawfully and intentionally killed her husband, and if having done so, whether she forfeited her right as an heir so that the estate would pass to his heirs as though his widow had predeceased him. Also to be determined is whether in that proceeding, proof must be required beyond and to the exclusion of a reasonable doubt or proof by a preponderance of the evidence, and whether on request a jury trial should be granted.

The court determined, by the order of July 11, 1975, that the issue of whether Virginia Alma Greene unlawfully and intentionally killed her husband, Walter Leo Greene, should be heard, and if she is found to have done so that she should be determined to have predeceased her husband for the purpose of determining his heirs. The court is now of the opinion that the request for a jury trial should be granted notwithstanding the provision of §734.25 providing that a determination of heirs proceeding should be heard by the court.

Walter Leo Greene died on March 18, 1974 without a will. His widow, Virginia Alma Greene petitioned the probate department of the circuit court on October 25, 1974 for the appointment as administratrix of his estate reciting that she was his only heir. Letters of administration were granted to her on November 8, 1974. On February 25, 1975, decedent's sister, Anna, petitioned the probate court to vacate and set aside the order appointing Virginia, saying that but for Virginia, Anna was his only heir and that because Virginia wrongfully and unlawfully killed her husband and

should not benefit from his estate, letters of administration should be issued to Anna. On March 13, 1975 a petition to determine the beneficiary of the estate was filed, again alleging that Virginia unlawfully and intentionally killed her husband, that she should not benefit from her wrongdoing, that she should be found not to be the heir of her husband's estate, and that the court should determine that the decedent's only heir is his sister, Anna F. Greene.

Other litigation arising from decedent's death should be considered. An information for murder in the second degree was filed March 28, 1974 charging that Virginia Alma Greene on March 16, 1974 "by an act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, did unlawfully shoot Walter Leo Greene with a pistol, giving to him certain mortal wounds from which he did thereafter continually languish, and languishing did live until the 18th day of March, 1974, on which date he died of the mortal wounds aforesaid . . ."

On July 15, 1974 Virginia withdrew her plea of not guilty and entered a plea of nolo contendere to the offense of manslaughter (felony) and an order withholding adjudication of guilt and placing her on probation for 5 years was entered. There were conditions of probation, including that she not change her residence or employment or leave Duval County without the court's consent, report monthly to her probation officer, use no narcotic drugs, neither carry or own any weapons — all (and only) the usual printed form conditions. She is now in her second year of probation.

At the time of his death, Walter Leo Greene was insured by two policies of life insurance totaling $47,982.94 with interest.

One policy was issued by American Heritage Life Insurance Company, Policy No. 708030, with proceeds of $13,127.52. The estate of the insured was named as beneficiary and these proceeds have been paid to the estate of Walter Leo Greene, deceased.

The other policy was issued by John Hancock Mutual Life Insurance Company, Policy No. 61776689, in the face amount of $10,000 with a $20,000 accidental death benefit and an expanded estate benefit of $4,560. Virginia Alma Greene was the only beneficiary named in the policy, which provided that if the beneficiary did not survive the insured, the policy would be paid to the insured's estate.

An interpleader suit is now pending in the civil department of this circuit court (John Hancock Mutual v. Virginial Alma Greene, et al, filed October 16, 1974, Case No. 74-10416-CA), and $34,855.42 principal and $864.20 interest has been paid into the registry of the court. The issue in that litigation is whether these

proceeds should be paid to Virginia Alma Greene or to the estate of Walter Leo Greene. A petition to intervene in that suit filed by Anna F. Greene, sister of the deceased and only heir except for decedent's widow, was denied.

This court cannot anticipate the outcome of the interpleader suit, but if the proceeds are ordered paid to this estate without a determination in the interpleader suit of whether Virginia unlawfully and intentionally killed her husband, that issue should be determined in this probate proceeding, when the petition for determination of heirs is considered.

The case of *Carter v. Carter, 88 So.2d 153 (Supreme Court of Florida, 1956)* held that the named beneficiary in a life insurance policy would not be permitted to receive the proceeds of that policy if the beneficiary unlawfully and intentionally killed the insured. that issue to be decided by a preponderance of the evidence in a civil proceeding. This procedure was followed and affirmed in *Hamilton v. Liberty National Life Insurance Company, 207 So.2d 472, (Second Dist. Florida, 1968)*.

Florida cases have generally treated insurance proceeds differently from estate assets and other rights of inheritance such as dower and homestead, ruling that insurance proceeds are payable by contract whereas inheritance, dower and homestead rights are fixed by statutes and the constitution. In the case of *Peeples v. Corbett, 157 So.2d 510 (Supreme Court Fla. 1954)* it was held that §731.31, Florida Statutes, was the only restriction on statutory descent and distribution and that a person must be convicted of the murder of a decedent before he shall be barred from taking any portion of his estate, in which case the murderer would be presumed for the purpose of inheritance to have died during the lifetime of the decedent.

In *Carter,* the court determined that if Ruby Carter was found in a civil proceeding by a preponderance of the evidence to have unlawfully and intentionally killed her insured husband, the policy proceeds would be paid to the insured's father, the surviving beneficiary next in line according to the policy designation.

The "next in line according to the policy designation" in this case is the estate of Walter Leo Greene, deceased, the insured. The sole heir entitled to his estate, unless she is barred by her alleged wrongdoing, is Virginia, his widow. Again, quoting from *Carter* —

> It is an axiom of the common law, supported by admirable concepts of common justice, that no person should be permitted to benefit from his own wrong. It is offensive to our sense of right that a wrongdoer be allowed to exploit his wrongs to the injury of another and to the profit

of himself. The principle has been applied in many cases involving claims under insurance policies brought by beneficiaries who without excuse or justification killed the insured.

If a person is determined to have unlawfully and intentionally killed someone, that person should not be permitted to receive indirectly as an heir of his victim's estate what that person would have been prohibited from receiving directly as an insurance beneficiary. This dilemma was faced and resolved in the case of *DeZotell v. Mutual Life Ins. Co. of New York, 245 N.W. 58 (Supreme Court of South Dakota, 1932)* when the court said —

> We cannot acquiesce in the view of respondent that the question of what may become of the insurance proceeds in the hands of the administrator is immaterial in this case, for this reason: we are of the opinion, as will be more fully hereinafter stated, that the doctrine which permits recovery by the administrator or other heirs of the insured in cases where the named beneficiary is incapacitated to recover on the policy because of felonious killing is and must be founded upon the express condition precedent that the named beneficiary will not profit thereby. It follows that we ought not to affirm any judgment for the payment of this insurance money to the administrator of the insured or to any one else, unless it be demonstrably certain that such payment will not in any manner result in permitting the wrongdoing beneficiary to participate in the proceeds either directly or indirectly.***

> To hold that public policy forbids recovery by the wrongdoer from the insurance company, and then, in the next breath, to order payment to the estate and permit the wrongdoer to take the whole proceeds of such payment from the estate, seems a solemn and circuitous legal absurdity. Certainly it is just as contrary to public policy for the wrongdoer to get this money indirectly as directly. It seems clearly apparent that the same sound public policy which requires that the insurance company be excused from paying the wrongdoer demands equally that the insurance company be excused from paying any one else, if the necessary result of such payment will be that the wrongdoer gets the money.

See also *U.S. v. Foster, 238 F. Supp. 876 (U.S. District Court Mich., 1965); Wilson v. Board of Trustees, 246 N.E. 2d 701 (4th Dist. Illinois, 1959); In re Estate of McGowan, 111 Cal. Rptr. 39 (1st Dist. Cal., 1973).*

This court holds that §731.31, Florida Statutes, which prohibits a murderer from inheriting from his victim is not exclusive in its application and does not prevent the application of the common law principle that a wrongdoer may not benefit from his own wrong. When §731.31 was enacted in 1933, plea bargaining was little used, and jail and prison crowding was not a problem. Today great pres-

sure is on the state attorney with the speedy trial rule and over-crowded jail conditions to dispose of cases by negotiated pleas, and homicides within the family have increased in number. Even if conviction is obtained for the highest degree of a homicide with which a person may be charged in a family tragedy, there is little benefit to society to impose a long prison term and many of these cases are disposed of by short sentences and longer periods of probation. State attorneys are inclined to negotiate a plea to a lesser offense, often recommending that an adjudication be with-held and probation imposed. Seldom, if ever, in these criminal proceedings are the civil consequences considered, including the right to insurance proceeds and the distribution of the victim's estate.

Although there is reason enough to require a civil proceeding to determine who is entitled to receive the assets of an estate consisting almost entirely of insurance proceeds, this court considers that §731.31, Florida Statutes, prohibiting a murderer from inheriting from his victim is not exclusive in its application and does not prevent the application of the common law principle that a wrong-doer may not benefit from his own wrong.

This position is further supported by the *Hamilton* case, supra, in which the court said —

> The rationale of the *Carter* case was grounded, not upon the Florida statute, F.S. §731.31, but upon the common law doctrine that "one may not profit by his own wrong."

> No reason appears to depart from the sound principles laid down in *Carter*, there being substantial and credible evidence to sustain the chancellor's findings. There is therefore no error in the ruling that Virginia Faye "take nothing". Also, no merit is found in her further contention that, should she be barred from full recovery, the insurance proceeds should be paid to the estate, so that she could obtain an equal share with the minor children. If she is barred from "the full" she is certainly barred from "the portion".

For these reasons a civil proceeding should be conducted. Nothing said herein should be considered in any way a prior determination that the decedents' death was unlawfully and intentionally caused by anyone.

Although in a proceeding for the determination of heirs the stat-ute provides that the issues shall be determined by the court, there are appropriate circumstances in which such issues should be tried by a jury, and the request for a jury having been made, this court will grant the request and obtain a jury and the trial courtroom for the determination of heirs proceeding.