328 So.2d 29 (1976)
Mildred Chiasson STRATE, Appellant,
v.
Zachary A. STRATE, Jr., et al., Appellees.
No. 73-1550.
District Court of Appeal of Florida, Third District.
February 10, 1976.
*30 Rudolph R. Schoemann, New Orleans, La., Paul Gifford, Miami, for appellant.
Sibley, Giblin, Levenson & Ward, Lapidus & Hollander, Miami, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
Appellant, plaintiff and counterdefendant below, appeals a final judgment and order of the trial court awarding appellee Cal Koven, defendant and counterplaintiff below, $60,000 plus interest and costs on his counterclaim for slander of title to real property and denying appellant's motions for a new trial or a judgment n.o.v.
On January 22, 1973, appellant filed a complaint in the trial court seeking, inter alia, to recover certain property allegedly hers pursuant to a Louisiana divorce decree and settlement. Among the several persons named as defendants was appellee, Cal Koven. On February 9, 1973, appellee Koven filed an answer and counterclaim for slander of title to real property. Appellee Koven's counterclaim was basically predicated upon appellant's alleged wrongful filings, both before and after her complaint was filed, of several affidavits of lis pendens which affected the title to certain real property owned by him.
On July 6, 1973, appellant dismissed her complaint as to appellee Koven. Subsequently, the case was scheduled for trial on appellee Koven's counterclaim, and on November 21, 1973, the trial court entered a final judgment, pursuant to a jury verdict, awarding him $60,000 plus interest and costs. Subsequently, appellant's motions for a new trial or judgment n.o.v. were denied by the trial court in an order dated December 5, 1973. From this final judgment and order appellant appeals.
A firmly established maxim is that a final judgment or order of the trial court comes to this court on appeal clothed with a presumption of correctness and the one who asserts error has the burden of showing it. From this burden devolves the duty of an appellant to make any reversible error clearly, definitely, and fully appear. Failure to meet this burden impels the conclusion that there is no error in the record and the judgment or order appealed must be affirmed. American Motor Inns of Fla., Inc. v. Bell Electric Co., Fla.App. 1972, 260 So.2d 276; Solomon v. Hunt, Fla.App. 1971, 243 So.2d 185; Hamilton v. Liberty National Life Insurance Co., Fla.App. 1968, 207 So.2d 472; and see 2 Fla.Jur., Appeals § 316.
We have considered the record, the numerous points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final judgment and order appealed are affirmed.
Affirmed.