403 So.2d 1038 (1981)
Eugene W. NABLE, Appellant,
v.
The ESTATE OF Mae Clinton GODFREY, Deceased, and the Estate of Eliza Gertrue Godfrey Nable, Deceased, Appellees.
Nos. 81-9, 81-10.
District Court of Appeal of Florida, Fifth District.
August 26, 1981.
Rehearing Denied September 28, 1981.
*1039 Michael H. Lambert, P.A., Daytona Beach, for appellant.
Louis Ossinsky, Jr., of Ossinsky, Krol & Hess, Daytona Beach, for appellees.
COBB, Judge.
This appeal raises the question of the extent to which one spouse, convicted of the manslaughter of the other, can inherit through intestate succession from the decedent. Elizabeth Gertrue Godfrey Nable owned an interest in real property inherited from her mother, Mae Clinton Godfrey, and also a parcel of real property held jointly with her husband, Eugene W. Nable, the appellant. On July 9, 1979, after a drunken argument, the Nables struggled over a pistol with the result that she was shot and killed. She was survived by her husband and three children by a prior marriage: Charles Adrian Roberts, Larry Gerard Roberts, and John David Roberts.
Nable was first charged with murder in the second degree, and then the state filed an amended information charging manslaughter, to which he entered a plea of nolo contendere. He was adjudicated guilty on August 20, 1980, and placed on five years probation.
Thereafter, the personal representative of the estates of Eliza Nable and her mother, Mae Godfrey, filed petitions with the probate division of circuit court to determine the heirs[1] of each of the estates. The cases were consolidated for non-jury trial, which resulted in entry of the following order in December, 1980:
ORDER ON DETERMINATION OF HEIRS
This cause came on to be heard for trial on the Petition to Determine Heirs, filed by the Personal Representative. The court having heard the evidence, observed the witnesses, reviewed the documentary evidence and the memoranda and authority cited by counsel, and being fully advised in the premises, finds as follows:
1) Gertrue Godfrey Nable a/k/a Eliza Gertrude Godfrey Nable, died intestate on July 9, 1979. At the time of her death, she was survived by a husband, Eugene W. Nable, and three children, Charles Adrian Roberts, Larry Gerard Roberts, and John David Roberts. The evidence reflects that her death was brought about as the result of a willful act on the part of the husband, Eugene W. Nable. The greater weight of the evidence shows, and Eugene W. Nable has admitted, that in the course of an argument between him and his wife, that he got a loaded gun, pointed it in the decedent's presence in a way that required her to try to protect herself, during the course of which the gun fired and killed her. That under the facts and circumstances, the firing of the gun constituted a willful and wanton act.
The said Eugene W. Nable was originally charged with the crime of murder in the second degree, as having caused the death of Eliza Gertrude Godfrey Nable, deceased, and thereafter he pled nolo contendere to the crime of manslaughter by culpable negligence, a felony, as having caused her death, and was adjudged guilty thereof. Culpable negligence is a wanton act in nature.

*1040 Upon consideration of the applicable law, the court is of the opinion that Eugene W. Nable should not be permitted to profit from his own willful, wrongful and wanton act, which resulted in the death of his wife. It is thereupon,
ORDERED and ADJUDGED as follows:
A) That the surviving heirs at law, entitled to inherit property from the Estate of Gertrue Godfrey Nable a/k/a Eiza Gertrude Godfrey Nable, are Charles Adrian Roberts, 1/3 of the distributable estate, Larry Gerard Roberts, 1/3 of the distributable estate, and John David Roberts, 1/3 of the distributable estate.
B) No portion of the distributable estate shall be payable to Eugene W. Nable, and as a matter of law, the court finds that he is not entitled to share, as an heir at law, through his now deceased wife, Gertrue Godfrey Nable a/k/a Eliza Gertrude Godfrey Nable, deceased.
C) That as to any jointly owned property, which Eugene W. Nable and Gertrue Godfrey Nable a/k/a Eliza Gertrude Godfrey Nable, deceased, owned together as husband and wife, at the time of decedent's death, it is hereby determined that by virtue of the death of said decedent, they became tenants in common as if their marriage had been previously dissolved and 1/2 thereof be and it is an asset in said decedent's estate subject to administration and distribution, and 1/2 thereof is the separate property of Eugene W. Nable.
DONE and ORDERED in Chambers at De Land, Florida, this 2nd day of December, 1980.
The only issue raised on appeal is whether or not the trial court "erred in excluding Eugene Nable from inheriting under his wife's estate." The issue in regard to the jointly-held property determined by paragraph C of the order is not raised on appeal and, therefore, we do not consider it.
Section 732.802, Florida Statutes (1979) states:
A person convicted of the murder of a decedent shall not be entitled to inherit from the decedent or take any part of his estate as a devisee. The part of the decedent's estate to which the murderer would otherwise be entitled should pass to persons entitled to it as though the murderer had died during the life time of the decedent. [Emphasis added].
The wording of Section 732.802 is plain, concise, and unambiguous. Its purpose is to preclude an individual who has murdered a decedent from inheriting any portion of that decedent's estate. Manslaughter is not murder.
In deciding this case, the trial court relied upon the principles enunciated in In Re: The Estate of Nunnelley, 343 So.2d 657 (2d DCA 1977). The Nunnelley decision and the cases upon which it was predicated, Ashwood v. Patterson, 49 So.2d 848 (Fla. 1951), and Carter v. Carter, 88 So.2d 153 (Fla. 1956), dealt specifically with properties transferred outside testate or intestate succession, such as estates held by the entirety or the proceeds of a life insurance policy. Those cases, therefore, were not governed by section 732.802, Florida Statutes.
In Peeples v. Corbett, 117 Fla. 213, 157 So. 510 (1934), the Supreme Court held that a complainant seeking to work a forfeiture under then section 731.31, Florida Statutes, currently section 732.802, failed to state a cause of action where it did not allege a conviction of murder. Justice Buford stated:
It will be noted that the legislative enactment only excludes those from inheritance who have been convicted of murder of a decedent from whom they would otherwise inherit.
This is a salutary provision and the condition applying only to those who have been convicted of murder is a wise one. If one murders his ancestor, he should not profit by his wrong, but, before he should be required to forfeit his right of inheritance, his guilt should be established beyond a reasonable doubt. [Emphasis added].
Peeples v. Corbett, 157 So. 510, 511.
In Hill v. Morris, 85 So.2d 847 (Fla. 1956), the Supreme Court held that prior to the *1041 forfeiture of an inheritance, there must be a conviction of murder, and that absent that allegation or fact, there can be no forfeiture. If that bar should be extended, it is a task to be done by the Legislature and not by the courts in an attempt to apply the principles of Ashwood, Carter, or Nunnelley.
The petitioner's complaint was without an allegation of a conviction of murder, nor was there any such proof or allegation proffered during the hearing, nor any contained within the trial court's order dated December 2, 1980. Therefore, Eugene Nable must be reinstated as an heir under his wife's estate. Accordingly, paragraphs A and B of the trial court's order are reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH, C.J., concurs.
COWART, J., concurs specially.
COWART, Judge, concurring specially:
The common law principle that one should not benefit from his own wrongdoing was applied to prevent one who wrongfully caused another's death from receiving any benefit from such death long before Section 732.802, Florida Statutes (1979), or its predecessor statutes, ever existed. That principle is still applied by the courts today to achieve justice in the absence of statute and has been applied: to prevent one tenant of an estate by the entirety, who slays the other, from acquiring a survivor's interest, Ashwood v. Patterson, 49 So.2d 848 (Fla. 1951); to prevent a beneficiary from receiving the proceeds of an insurance policy on the life of one whom he unlawfully and intentionally killed, Carter v. Carter, 88 So.2d 153 (Fla. 1956); Founders Life Assurance Co. of Fla. v. Harrell, 247 So.2d 20 (Fla. 1st DCA 1971); and to prevent a child who murdered his parents from taking any interest in U.S. Savings Bonds owned jointly with the parents, notwithstanding a will provision in the child's favor. In Re Estate of Yanowsky, 384 So.2d 1297 (Fla.2d DCA 1980). In the absence of section 732.802, Florida Statutes (1979), the courts could use the same principle to deny an inheritance to one who is blameworthy for his ancestor's death.
Notwithstanding the language in Peeples v. Corbett, 117 Fla. 213, 157 So. 510 (1934) lauding the statute requiring a criminal conviction of murder in order to prevent a killer from inheriting from a victim, I think it is ironic that this statute, ostensibly enacted to enable the courts to deny benefit to a killer, is now used as the very tool to accomplish what it was designed to prevent. The relative rights to the property of a decedent, as between the decedent's killer and the decedent's other heirs or devisees, should not be left to depend on the willingness of the public prosecuting officer and the ability of a criminal defense counsel to make a deal as to one degree of homicide rather than another. The present statute should be replaced with one merely stating the broader principle that one whose act, procurement, or culpable negligence causes the death of another shall receive no property or other benefit as a result of such death.
NOTES
[1] The jurisdiction of the probate court in regard to the joint property issue was not raised by any party, either below or on this appeal.