### DEBUS, ADMINISTRATOR, ETC., *v.* COOK ET AL.

[No. 24,820.    Filed December 23, 1926.]

1. DESCENT AND DISTRIBUTION.—*Where a wife died before her husband, an averment in complaint for partition by her administrator that her husband "purposely and wilfully" killed her was properly struck out as immaterial.*—A second childless wife dying before her husband acquired no actual interest in her husband's land and, therefore, did not acquire a life estate in one-third thereof under §3339 Burns 1926 as the surviving second wife without children by him. It necessarily follows that an averment in a complaint for partition by her administrator that the husband "purposely and wilfully" killed her was immaterial and was properly struck out.  p. 676.

2. DEATH.—*Damages for wrongful death not recoverable at common law.*—At common law, no action for damages could be maintained for wrongful death, even for the felonious death of another.  p. 678.

3. DEATH.—*Complaint held not to state a cause of action on theory that second childless wife survived her husband and acquired a life interest in one-third of his land.*—A complaint by the administrator of the estate of a second childless wife who was "purposely and wilfully" killed by her husband, who killed himself the same day, wherein the administrator sought possession of one-third of the husband's land on the theory that, although she predeceased her husband, she acquired a life estate in one-third thereof under §3339 Burns 1926 "during the full period of her life expectancy," did not state a cause of action, as she was not a "surviving" second childless wife.  p. 679.

From Starke Circuit Court; *W. C. Pentecost,* Judge.

Action by J. Henry Debus as administrator of the estate of Jessie H. Cook, deceased, against Lloyd M. Cook and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*F. M. Trissal* and *Harry C. Miller,* for appellant.
*William J. Reed,* for appellees.

EWBANK, J.—The administrator of the estate of a woman murdered by her husband, who killed himself the same day, brought this action against his children by a former marriage, demanding partition of one-third of his lands "during the full period of her life expectancy," or a decree awarding plaintiff one-third of the rental value of such lands, annually, during that period. Parts of the first paragraph of the complaint having been stricken out, the defendants filed an answer of general denial, and, upon proper request, the court made a special finding of facts and stated conclusions of law thereon, to which the plaintiff excepted. None of the evidence is in the record. The alleged errors are striking out parts of the first paragraph of the complaint and stating erroneous conclusions of law upon the facts found. The complaint alleged that the father of defendants owned certain tracts of land in Starke county, Indiana, of the value of $60,000. That plaintiff's decedent was the childless second wife of their father, and that both husband and wife died on the same day, his death preceding hers by a few minutes. That the interest of the wife in the husband's land "was terminated and ended by her unnatural death caused by her said husband's act." And that the defendants, being the children of the husband by a former marriage, were in possession of and claiming the entire interest in and title to said lands. The special finding recited all of these facts, except as to his death having preceded hers, substantially as alleged, with the more specific statement

that both the husband and wife were found dead in their apartment on the morning of April 12, 1923, and "that the decedent, Jessie H. Cook, had been shot with a 32 caliber revolver discharged by the decedent, Charles M. Cook, while holding said revolver in his hand.   *   *   * That the decedent, Jessie H. Cook, met her death from a bullet wound caused by the discharge of a revolver by Charles M. Cook.   *   *   *   That at the time of the death of the decedent she was 46 years of age and he was 65 years of age.   *   *   *   That Charles M. Cook met his death at his own hand by discharging a 32 caliber revolver into his own brain   *   *   *   (and) that the decedent, Jessie H. Cook preceded in death the decedent Charles M. Cook." An averment stricken out of the first paragraph of the complaint which was not fully covered by the special finding was as follows: "That the said Charles M. Cook in contemplation of the destruction of his own life wilfully and wickedly and for the purpose of depriving her of her interest in the said lands and other property by his own act, and for the further purpose of shortening the duration of her natural life deliberately conceived and executed his design of destroying her life in the manner hereinbefore stated." The argument advanced in support of the proposition that the court committed an error prejudicial to the plaintiff in striking out these words is to the effect that no one can be permitted to profit by his own crime, and that the husband could not take from his wife for the benefit of himself or his heirs any property or any right or interest therein belonging to her, by feloniously murdering her. And in support of this proposition, counsel have cited authorities to the effect that a murderer cannot inherit or take by right of courtesy the property of the person murdered.

But in the case at bar, the property in question belonged to the alleged murderer, and the only interest

which his wife had therein was an inchoate right, which could only become vested upon the happening of one or more contingencies, one of which was thus defined by the statute: "If a man die intestate, leaving surviving a second or other subsequent wife, without children by him, but leaving a child or children or their descendants alive by a previous wife, such surviving childless second or other subsequent wife shall take only a life estate in one-third of the lands of her deceased husband and the fee thereof shall, at the death of such husband, vest at once in such child or children, or the descendants of such as may be dead, subject only to the life estate of such widow." §3339 Burns 1926, Acts 1901 p. 554, §1. Since the court found the fact to be that the wife died before the husband, and the correctness of that finding is not challenged in any way, it follows that she never acquired any rights as a "surviving second or other subsequent wife, without children by" her husband, and therefore no life estate in her favor ever came into existence. And the fact that the husband purposely and wilfully killed her, which would have been averred by the words stricken out of the complaint, is not pertinent in determining whether or not her administrator has any claim to the occupation, rents or profits of one-third of the lands owned by her husband at the time of his death, she having previously died.

At common law no action but a criminal prosecution against the defendant could be maintained for feloniously causing the death of a human being. *Wabash R. Co.* v. *Hassett* (1908), 170 Ind. 370, 375; *Drury, Gdn.,* v. *Krogman* (1918), 70 Ind. App. 607, 612, 120 N. E. 622; *Higgins* v. *Butcher* (1607), Yelv. (Eng.) 89; 17 C. J. 1181; 8 R. C. L. 719-721.

And no attempt was made in preparing the complaint under consideration to state a cause of action within the statute which gives a right to recover damages for

causing death under certain circumstances, while some of the important elements of such a cause of action are wholly missing from it and from the special finding in this case.

It follows that the trial court did not err in striking out that portion of the complaint above set out, nor in concluding that upon the facts found the plaintiff was not entitled to recover in this action.

The judgment is affirmed.