49 So.2d 848 (1951)
ASHWOOD et al.
v.
PATTERSON et al.
Supreme Court of Florida, en Banc.
January 16, 1951.
*849 James J. Caruso and Virgil L. Milbrath, Ocala, for appellants.
James M. Smith, Jr., Ocala, for appellees.
ROBERTS, Justice.
Plaintiffs, appellants here, filed their bill for a declaratory decree in the court below to determine their rights in and to certain property, therein described, under circumstances in substance as follows: Albert Ashwood and Pearlie Ashwood, his wife, were tenants by the entirety of the subject property. Albert Ashwood murdered his wife and committed suicide immediately thereafter, it not being known which of the parties died first. There were no children of this marriage, but each spouse had issue by former marriages. The plaintiffs are the sole heirs at law of Albert Ashwood, and the defendant Johnnie Mae Patterson is the sole heir at law of Pearlie Ashwood. The lower court decreed that the murder of Pearlie Ashwood by plaintiffs' father defeated his right to claim the property by the law of survivorship; that, therefore, the plaintiffs as his heirs have no right to said property; and that the entire estate descended to the defendant Johnnie Mae Patterson as the heir of Pearlie Ashwood. It is this final decree which we review on this appeal.
In determining the rights of the respective heirs, we are asked first to decide whether or not Section 731.31, Florida Statutes, F.S.A., will operate to defeat the right of a murdering spouse to property held as an estate by the entirety. This section provides that "Any person convicted of the murder of a decedent shall not be entitled to inherit from the decedent or to take any portion of his estate as a legatee or devisee. The portion of the decedent's estate to which such murderer would otherwise be entitled shall pass to the persons entitled thereto as though such murderer had died during the lifetime of the decedent."
We cannot agree with defendants' contention that this statute, by its very terms, has worked a forfeiture of the estate by the entirety which would have vested in the plaintiffs' father, had he survived after murdering his wife. The essential characteristic of an estate by the entirety is that each spouse is seized of the whole or the entirety, and not of a share, moiety, or divisible part. Andrews v. Andrews, 155 Fla. 654, 21 So.2d 205. Upon the death of one spouse, the other does not "inherit" the interest of the other in such estate, but merely comes into the full beneficial enjoyment of such estate, which is said to vest by operation of law in the surviving spouse. Knapp v. Fredricksen, 148 Fla. 311, 4 So.2d 251. There being no estate upon which the statutes relating to descent and distribution can operate, it follows *850 that Section 731.31 is not applicable to estates by the entirety.
There is, however, a fundamental equitable principle that "no one shall be permitted to profit by his own fraud, or take advantage of his own wrong, or found any claim upon his own iniquity, or profit by his own crime;" and some courts have invoked this principle to defeat the claim of a murderer, as the surviving spouse (or those claiming under the murderer), to the whole of an estate by the entirety.
Thus, in Van Alstyne v. Tuffy, 103 Misc. 455, 169 N.Y.S. 173, in which the husband killed his wife and then committed suicide, it was held that the estate by the entirety would not vest in the husband's heirs even though the wife actually died before the husband, and that the property should go to those claiming under the wife. And in Bryant v. Bryant, 193 N.C. 372, 137 S.E. 188, 51 A.L.R. 1100, in which the husband killed the wife and was sentenced to death for his crime, the court held that, even though the murderer did not forfeit the legal title in murdering his spouse, equity will impress a constructive trust upon the legal title in favor of the wife's heirs (who were also the heirs of the husband); that the surviving husband would be perpetually enjoined from conveying the property in fee; and that the heirs of the deceased wife should be adjudged the sole owners, upon the death of the husband, of the entire property as the heirs of their mother. Similarly, in Sherman v. Weber, 113 N.J. Eq. 451, 167 A. 517, followed in Whitney v. Lott, 134 N.J. Eq. 586, 36 A.2d 888, it was held that, although the husband murdered his wife, the property held by them by the entirety nevertheless vested in him in fee as the survivor (he being the younger), but subject to a trust in favor of the wife's heirs to the extent of the value of her interest in the net income of the property for her normal expectancy of life.
We are particularly impressed, however, by the reasoning and conclusion of the Missouri Court in the cases of Barnett v. Couey, 224 Mo. App. 913, 27 S.W.2d 757, 761, and Grose v. Holland, 357 Mo. 874, 211 S.W.2d 464. It was stated in the Barnett case that, "* * * merely outliving the wife does not satisfy the conditions imposed by the common law relative to estates by entirety so that the survivor may take all. One must not only be a survivor in fact but also a survivor in contemplation of law. Indispensable is the prerequisite that the decease must be in the ordinary course of events and subject only to the vicissitudes of life. The killer can assert no right of complete ownership as survivor." The court pointed out in both cases that the fiction of unity of estate is destroyed, and the estate severed, when the parties are divorced, since it would be inequitable to allow one or the other to take all, all things being equal. Similarly "where the husband by his willful, felonious act dissolves the marital relationship, and as a consequence there is a severance of the estate by the entirety, such property may well be treated as held by tenants in common." Barnett v. Couey, supra.
The principle that "no one should profit by his crime" was also applied in the Grose case to defeat the claim of the murderer to the whole of the estate. The court pointed out, quoting Bogert on Trusts and Trustees, 478, that "* * * the survivor [of a tenancy by the entirety] does acquire a substantial benefit by the death of his cotenant, in practical effect. Before such death each was entitled to enjoy the whole and each had a chance of survivorship and consequent acquisition of the whole as a tenant in severalty. After the death the survivor does not have to share current profits with any one, and he has no possibility of loss of his interest impending over him. Whatever practical benefit the murderer has obtained should be taken from him for the benefit of the innocent successors of the deceased cotenant."
It was held in the Grose case that one-half of the property held as an estate by the entirety should go to the heirs of the deceased wife, and that the other one-half belonged to the surviving husband (who was serving a life sentence for the murder of his wife); and in the Barnett case that the property should descend one-half to the heirs of the deceased husband and one-half *851 to the heirs of the deceased wife (this being a case of murder and suicide.) In both cases the property was treated as if it had been formerly held as tenants in common, to be distributed according to the statute of descents.
We are persuaded that these decisions of the Missouri court are eminently correct on the facts there present, and that the principles therein expressed are equally applicable to the circumstances here involved. This is not to say, however, that different facts might not develop different equities and different conclusions.
For the reasons stated, the final decree of the lower court is reversed and the cause remanded, with directions to the Chancellor to enter a decree awarding one-half of the subject property to plaintiffs and one-half to the defendant Johnnie Mae Patterson.
Reversed with directions.
SEBRING, C.J., and THOMAS, ADAMS and HOBSON, JJ., concur.
TERRELL and CHAPMAN, JJ., dissent.