24

**ALLEN v. ALLEN.**
No. 73-823-CA-(d)-03.
Circuit Court, Palm Beach County, Juvenile and Family Division.
October 23, 1973.

Harry Goodmark of Goodmark & Goodmark, West Palm Beach, for the petitioner.

Thomas Brown, West Palm Beach, for the respondent.

LEWIS KAPNER, Circuit Judge.

This is an action for custody and appointment of a guardian filed by Clara Mae Allen against her daughter-in-law Ruby Diane Allen. The respondent is the mother of Lennie, Derrick, Terrence and Ketcha and the petitioner is the grandmother of said children.

The court has heard testimony and received a thorough custody investigation into the fitness of the respondent to take care of these children. The court has seen no evidence at hearing or from the custody investigation that would justify the taking of these children from her custody. It is thereupon ordered that petitioner's petition for custody is denied.

The respondent has been convicted of a felony and under the laws of this state she cannot be appointed guardian of property owned on behalf of the children. Respondent's counsel contends

that since that conviction is being appealed the respondent should not be considered guilty of a felony. The court disagrees.

It further appears that appointment of a guardian other than respondent is advisable regardless of the conviction. The proceeds of the insurance policy and the deceased husband's share of the parties' home would go to Ruby Diane Allen if she were innocent of the death of her husband but would go to the children if she were guilty of unlawfully and intentionally killing him. Carter v. Carter, 88 So.2d 153; Ashwood v. Patterson, 49 So.2d 848.

Further, there appears to be a possibility of a malpractice claim arising out of the husband's death, and, as a practical matter, the children's rights would suffer if the action was taken by Ruby Diane Allen rather than a disinterested guardian. However, no good reason exists for appointing as guardian a person such as the petitioner inasmuch as there is great animosity between petitioner and respondent. The mere fact that the above described property may belong to the children rather than to respondent is not sufficient to justify a lawsuit if the guardian is otherwise satisfied that the respondent will use the proceeds for the best interests of the children.

It is thereupon ordered that a person to be mutually agreed upon by the parties be appointed guardian of the property of the children. If the parties are unable to submit a name to this court within 20 days, the court will appoint a guardian.

Jurisdiction of this cause is retained for the purpose of entering such further orders as to the court may seem necessary.