OVERTON, Justice.
This is before the Court upon a Petition for Writ of Habeas Corpus [1] and Petition for Writ of Certiorari.[2] It concerns a dispute over who is to be the guardian of the person of the incompetent, Kenneth P. Foster, and which Circuit Court has supervision of the incompetent and his estate.
The problem is accentuated by numerous legal proceedings in the Circuit Courts of the Fifteenth and Seventeenth Circuits, a petition for writ of prohibition to the Fourth District Court of Appeal, and petitions for habeas corpus and certiorari to this Court. The situation is characterized as a mass of legal spaghetti for this Court to untangle.
The chronology of events puts the issue in better perspective and they are as follows :
(1) On October 3, 1972, the Probate Division of the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida, adjudicated Kenneth P. Foster incompetent, and said court appointed Virginia Foster, his wife, and the First National Bank and Trust Company of Riviera Beach as co-guardians of his substantial property;
(2) From October 3, 1972, to November 19, 1973, the incompetent was physically cared for by his wife, Virginia, and his daughter, Susan Seiler;
(3) On November 19, 1973, the Probate Division of the Circuit Court of Palm Beach County committed the incompetent to South Florida State Hospital in Broward County, Florida, for care and treatment;
(4) On February 21, 1974, the staff in the hospital determined that the incompetent had reached maximum benefits obtainable at that facility and desired to discharge him;
(5) On March 29, 1974, petition for writ of habeas corpus was initiated by Patricia Junod in the Probate Division of the Circuit Court of the Seventeenth Judicial Circuit in Broward County. At the hearing on the writ of habeas corpus, counsel for Mrs. Junod presented to the court a petition for appointment as guardian of the person over the objection of the wife, Virginia Foster. Notice of the hearing on the petition for appointment as guardian of the person was given to the incompetent’s mother but not to the wife and co-guardian of the property of the incompetent under the order of the Palm Beach County Circuit Court. The Broward County Circuit Court granted the writ of habeas corpus and appointed the petitioners in this Court, Patricia Junod and Robert Benedict, who are unrelated to the incompetent, as guardians of the person of the incompetent, Kenneth P. Foster.
(6) On April 2, 1974, Virginia Foster and Susan F. Seiler, wife and daughter respectively of the incompetent, petitioned the Palm Beach County Circuit Court for appointment as guardian of the person of Kenneth P. Foster, incompetent.
(7) Petitioners Junod and Benedict sought a writ of prohibition directed to the Judge of the Palm Beach County Circuit Court from proceeding with the hearing in said cause, which was denied on April 8, 1974, by the Fourth District Court of Appeal.
(8) On May 2, 1974, the Circuit Court in Palm Beach County considered a petition for writ of habeas corpus filed by the incompetent’s wife and daughter and released the incompetent from the custody of Patricia Junod and Robert Benedict and granted temporary custody of said incompetent to his daughter, Susan *10 Seiler. Said order also construed the order of the Broward County Circuit Court as void because of failure of notice to indispensable parties.
(9) The Palm Beach County Circuit Judge further found in said order that these proceedings were “nothing more than a tug-of-war to obtain physical possession between Patricia Junod, former business associate and girl friend of Mr. Foster, and Virginia Foster, wife of Mr. Foster” and concluded that there was much unnecessary litigation, none of which concerned nor benefited the ultimate welfare of the incompetent.
This Court has previously determined that where county judges of two different counties had the power to act over the subject matter, the question was one of proper venue,[3] and where one county has assumed jurisdiction over the subject matter, the action of another judge in another county over the same subject matter would not affect the jurisdiction of the court which had first taken jurisdiction.[4] Although both courts in this cause had jurisdiction, the court which first accepts jurisdiction over the subject matter must have the power to proceed to the exclusion of any other court in order to avoid multiple legal proceedings such as are illustrated in this cause.
The record clearly reflects that the incompetent was a long-time resident of Palm Beach County and that the Palm Beach County Circuit Court, Probate Division, first accepted jurisdiction over the incompetent and his estate. All proceedings in the incompetency and guardianship cause should therefore be before the Circuit Court of the Fifteenth Circuit, Palm Beach County, Florida.
There is no conflict jurisdiction for this Court to consider this cause on petition for writ of certiorari, and said petition is denied. The petition for writ of habeas corpus is without merit and is hereby denied, with the parties being directed to proceed with all matters pertaining to the incompetency of said Kenneth P. Foster in the Circuit Court of the Fifteenth Judicial Circuit.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN and DEKLE, JJ., concur.

. Art. V, § 3(b)(6), Fla.Const., F.S.A.

. Art. V, § 3(b)(3), Fla.Const.

. In re Mickder’s Guardianship, 163 So.2d 257 (Fla.1964).

. State ex rel. Campbell v. Chapman, 145 Fla. 647, 1 So.2d 278 (Fla.1941).