343 So.2d 657 (1977)
In re the ESTATE of Flossie L. NUNNELLEY, Deceased.
Frank V. NUNNELLEY, Appellant,
v.
Floyd L. SLOAN et al., Appellees.
No. 76-1070.
District Court of Appeal of Florida, Second District.
March 4, 1977.
Rehearing Denied April 4, 1977.
Pat Whitaker, Tampa, for appellant.
F. Linton Sloan, Jr., James R. Meyer, Bartow, and David Luther Woodward, Tampa, for appellees.
Tim Moran, Webster & Caltagirone, P.A., Tampa, for appellee Tim Moran as personal representative.
BOARDMAN, Chief Judge.
Appellant, Frank V. Nunnelley, shot and killed his wife, Flossie L. Nunnelley, on August 23, 1974. He was indicted for first-degree murder, and he entered a plea of guilty to manslaughter. Adjudication was withheld and a term of probation imposed. The decedent died intestate without any lineal descendants. She was survived by appellant and by collateral heirs which included her brothers, sisters, nieces and nephews. At the time of her death she owned a parcel of real property, an insurance policy and certain personal property. The realty was held by appellant and the decedent as tenants by the entirety. It was located in Hillsborough County, Florida, legally described as:

*658 Tract Q The east 130.0 ft. of the West 910.00 ft. of the South 1/2 of the North 1/2 of the SE 1/4 of the NE 1/4 of Section 19, Township 29 South, Range 21 East, Hillsborough County, Florida, less the North 50.0 ft. thereof as recorded in OR Book 1343 on Page 662, public records of Hillsborough County, Florida. TOGETHER with all the furniture, furnishings, fixtures and appliances located in the home on said property... .
Floyd L. Sloan, one of the decedent's brothers, filed a petition for letters of administration naming the collateral heirs as the surviving heirs at law. The court appointed Sloan as administrator of the decedent's estate. Appellant then filed a petition for an order that he be declared the sole surviving heir at law and for the removal of Sloan as administrator. After hearing the court entered an order declaring appellant to be the sole surviving heir at law and appointing Tim Moran as successor personal representative. Moran subsequently filed a petition for approval of a plan of distribution and discharge proposing that all of the assets of the estate of the deceased be distributed to appellant as sole surviving heir. The collateral heirs filed a response to the petition and a petition for approval of a plan of distribution and discharge asserting that they were entitled to the whole of the real property at issue here. In the alternative they proposed that a one-half interest in the property pass to the collateral heirs because appellant had terminated his right to acquire his wife's interest in the property through survivorship because he had wrongfully killed her. The court entered an order finding that appellant was the owner of a one-half interest in the realty and that an undivided one-half interest in the property passed to the collaterals in equal shares. The only issue raised on appeal is whether appellant is entitled to the one-half interest awarded to the collateral heirs. We agree with the trial court that he is not.
The Florida Probate Code provides that the convicted murderer of a decedent shall not inherit from the decedent. Section 732.802, Florida Statutes. The statute is not applicable in this case because property held as an estate by the entirety is not an asset of a deceased tenant's estate and because appellant was not convicted of murder. Fenn & Koren, The 1974 Florida Probate Code  A Marriage of Convenience, 27 U.Fla.L.Rev. 1, 41-42 (1974). Consequently neither appellant's right to inherit from the estate nor his right as a surviving tenant is defeated by the statute. Ashwood v. Patterson, 49 So.2d 848 (Fla. 1951). Therefore the applicability of the statute is not determinative of this case.[1] We subscribe to the fundamental principle of equity that "`no one shall be permitted to profit by his own fraud, or take advantage of his own wrong, or found any claim upon his own iniquity, or profit by his own crime... .'" Ashwood, supra, at 850. See also Carter v. Carter, 88 So.2d 153 (Fla. 1956). Applying this principle to the survivor's right to the whole interest of property held by the entirety, the Supreme Court of Florida has held that the estate is severed by the willful, felonious act of one spouse which results in the death of the other. Ashwood, supra; Hogan v. Martin, 52 So.2d 806 (Fla. 1951). In that circumstance the deceased spouse's one-half interest in the property is to be treated as if it had been held by the spouses as tenants in common. The property would be distributed *659 to the heirs of the decedent according to the order of succession established by the probate code as if the wrongdoer had divorced the decedent.[2] See Ashwood, supra.
AFFIRMED.
HOBSON and GRIMES, JJ., concur.
NOTES
[1] There are cases in other jurisdictions which suggest in similar situations that the whole interest in the property should go to the wrongdoer, others that the wrongdoer should get nothing, and others that the wrongdoer has a one-half interest. Several jurisdictions hold that title to the whole passes to the wrongdoer, but treat him as a constructive trustee of the property for the heirs of the decedent except for him. Annot., 42 A.L.R.3d 1116 (1972, Supp. 1976). The Florida supreme court has considered and not adopted the constructive trust theory. The constructive trust theory and the severance of the estate theory are mutually exclusive since the trust rationale requires that the property pass to the survivor as if the interest had not been severed. The supreme court indicated in Ashwood v. Patterson, 49 So.2d 848 (Fla. 1951) and Hogan v. Martin, 52 So.2d 806 (Fla. 1951), that it favored the severance rationale.
[2] We need not decide whether the one-half interest must necessarily pass through the estate, which would be consistent with the trial court's ruling that appellees' one-half interest is subject to costs of administration, since the appellees have not cross-assigned this point as error. Nor do we decide whether the nieces and nephews would stand in the same position as the brothers and sisters.