BERANEK, Judge.
This opinion disposes of three appeals designated as Case No. 79-285, Case No. 80-184, and Case No. 80-232. We affirm in part and reverse in part. The basic facts are that on December 15, 1975, Mauro DiProspero shot and killed two neighbors (James Doyle and Howard Wentworth), and his own wife, Maria DiProspero. Mauro DiProspero then shot himself but he did not die until February 9, 1976. Although Mr. DiProspero was charged with murder, he died before being brought to trial. These incidents brought about extensive legal proceedings and the complex appellate problems presented in the three aforementioned cases.
In the Circuit Court of Broward County at least two probate actions were filed along with three wrongful death actions the latter being designated as:
(1) Wentworth v. DiProspero, Case No. 76-703;
(2) Doyle v. DiProspero, Case No. 76-5343; and
(3) DiProspero v. DiProspero, Case No. 76-8290.
Unfortunately, these three cases have never been consolidated. Indeed, the probate cases and the separate wrongful death cases have each proceeded before different judges and have resulted in conflicting orders and judgments. Each of the three wrongful death cases was settled by agreement which generally provided that the plaintiff in each case would receive one-third of the net assets of Mauro DiProspe-ro’s estate. Numerous disputes arose within each wrongful death action in attempting to compute the value of the estate and these disputes are the bases for the present appeals.[1]
We are not certain how the status and title to the real property could be determined in a wrongful death action without making all interested persons parties to that action. Clearly, from a practical point of view, the net assets of the estate of the decedent, Mauro DiProspero, should be determined in the estate proceeding in the probate division and not in three separate wrongful death actions. A determination of net assets requires consideration of the claims of creditors. These are within the exclusive jurisdiction of the probate division. Strangely, no party has raised this problem in any of the appeals.
At the time of his death, Mauro DiProspero and Maria DiProspero owned a marital home as tenants by the entireties. In addition, Mauro DiProspero and Maria DiProspero along with their daughter Angela DiProspero, and her husband, Felice DiProspero owned an interest in an apartment house. By virtue of the stipulations entered in the two wrongful death actions on the appeal here, the two judges in the different wrongful death actions were *179 called upon to decide the ownership status and value of the real estate in which Maria and Mauro DiProspero had an interest prior to their deaths. They were also called upon to decide what property passed to Mauro as a result of Maria’s death and what property passed to Mauro and Maria’s child Angela. Since each settlement was to be based on the net value of Mauro’s estate all of the rulings and cases are interrelated.
We will discuss initially Case No. 80-184. Mrs. Doyle filed a wrongful death action against Angela DiProspero as personal representative of the estate of Mauro DiProspero for the wrongful death of Mrs. Doyle’s husband. This wrongful death case was settled by an agreement that plaintiff, Doyle, was to receive either $30,000, or one-third of the net estate of Mauro DiProspe-ro, whichever was greater. No determination was made in the settlement as to exactly what constituted the value of or the property within Mauro DiProspero’s estate. Eventually, the judge in the Doyle wrongful death action was asked by the parties to determine what real estate and personal property was to be included within Mauro DiProspero’s estate. A judgment was entered which determined the percentage interest and the value of the interest in all of the real estate and personalty which Mauro DiProspero owned prior to his death. The court then awarded one-third of the dollar value of this property to the plaintiff, Doyle, because said amount exceeded the $30,000 minimum provided in the stipulation. This judgment is attacked on appeal for various reasons, and we conclude that it must be reversed. While numerous arguments are made regarding improper procedure, it clearly appears that the stipulation for settlement was based upon the net assets of the estate and the court computed the judgment based on the gross assets of the estate. The judgment in Case No. 76-5343 is, therefore, reversed.
We next consider appeal No. 79-285. The case, originally styled DiProspero v. DiProspero, was a wrongful death action for Maria DiProspero’s death brought by Angela DiProspero, as personal representative of her mother’s estate against herself as personal representative of her father’s estate. Robert Fuer was substituted as personal representative ad litem and is the appellant. Although not initially a party to the action, Kathleen Doyle is the main party appellee in this appeal. In this wrongful death action, a final judgment was entered pursuant to a settlement stipulation which provided Maria DiProspero’s estate was to receive one-third of the net assets of her husband’s estate after a full satisfaction of the Doyle and Wentworth claims. This settlement also provided that one-half of the marital home was vested in Mauro’s estate and one-half was vested in Maria’s estate. After entry of the stipulated judgment, Kathleen Doyle, who was not a party, successfully moved to set the judgment aside. Although allowing a non party to intervene may have been improper from a procedural standpoint, we nonetheless affirm this order. An order affecting the same real estate and parties had been previously entered by the judge in the separate Doyle wrongful death action. Thus, assuming without deciding that both courts had jurisdiction over the real estate, the court acting first should be held to have exclusive jurisdiction, and it was therefore proper to vacate the judgment in the DiProspero wrongful death action. Benedict v. Foster, 300 So.2d 8 (Fla. 1974). We thus affirm the order setting aside the final judgment in Case No. 76-8290.
Case No. 80-232 is an appeal from an order on petition to intervene which also arises from the Doyle wrongful death action (Case No. 76-5343). We have here reversed the judgment in that action in Doyle’s favor because it was based upon the gross estate rather than the net estate. Appellants in Case No. 80-232 are Angela and Felice DiProspero and their two minor children. Basically, they contend the trial court erred in the determination of the ownership of the real estate and in arriving at the value of the estate. The trial court found that Mauro DiProspero’s estate consisted of a 100 percent interest in the marital home and a 50 percent interest in the *180 apartment house property. Appellants contend that this determination was legally wrong based upon Section 732.802, Florida Statutes (1979), Ashwood v. Patterson, 49 So.2d 848 (Fla. 1951), and In Re Estate of Nunnelly, 343 So.2d 657 (Fla. 2d DCA 1977). The statute prohibits a person convicted of the murder of a decedent from inheriting from a decedent. The cases provide that while this statute does not prevent property held as tenants by the entirety from passing because it is not an asset of the estate, the notion that no one should be permitted to profit from wrong-doing will, however, cause the property to be treated as though it were held as tenants in common. Appellants contend that only a one-half interest in the marital home passed to Mauro DiProspero because he murdered his wife and that he received no interest whatsoever in the apartment. Various arguments are made on appeal as to whether the trial court properly applied the policy stated in Section 732.802, Florida Statutes (1979); whether the killing of Maria DiProspero was willful or felonious and whether a criminal or civil determination of these issues was necessary.
Our review of the record demonstrates that these issues were never established by pleadings and we are not at all certain what the trial court held in this regard. If Mauro DiProspero did kill his wife willfully and feloniously then the findings of a 100% interest in the house and a 50% interest in the apartment property appear improper under the statute and aforecited cases. We conclude the judgment which determined ownership of the real estate was incorrect and must be reversed on this ground in addition to the reversal already ordered in Case No. 80-184.
We remand these matters to the trial court with the strong suggestion that the cases should be consolidated for the purposes of determining ownership of the real estate, the net value of Mauro DiProspero’s estate and the effect of these determinations upon the settlements in the various cases. We specifically do not determine ownership of any of the real estate involved as we can not tell what issues were litigated in this regard. In reaching these conclusions we caution that we necessarily take these cases as the parties have placed them before the courts and this opinion is strictly limited to the facts and circumstances herein. In addition, although we are limited to the issues raised on appeal, we strongly suggest that only the probate division can realistically decide the net value of the estate and only one court rather than three separate courts should decide the ownership of the property comprising the estate. On remand we urge compliance with Section 733.708, Florida Statutes (1979).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.
HERSEY, J„ and WARREN, LAMAR, Associate Judge, concur.

. No appeal has been taken in Wentworth v. DiProspero, Case No. 76-7023. We do not know what orders or judgments have been entered in that case and whether said judgment may directly affect the same real estate which is the subject of these appeals.