SHARP, Judge,
concurring specially.
I concur with the majority opinion because appellant did not provide formal notice pursuant to section 735.209(2), Florida Statutes (1979) and Florida Rule of Probate and Guardianship Procedure 5.040(a). The better approach would have been to petition the court for a determination of beneficiaries in an adversary proceeding pursuant to section 733.105(3), Florida Statutes (1979), and Florida Rule of Probate and Guardianship Procedure 5.025(a)(1) and (bXl). In a proceeding to determine beneficiaries the petitioner or personal representative must make a diligent search and inquiry to ascertain the identity and location of all the heirs and the nature of their respective interests in the estate. § 733.105(1), Fla. Stat. (1979). This type of action also requires formal notice to all interested parties and is governed by the Florida Rules of Civil Procedure as well as the Florida Evidence Code. Fla.R.P.&G.P. 5.040(a), 5.080, and 5.170.
One of the basic problems in this case is the determination of homestead status of the real property. This issue may be decided in either type of procedure. Although homestead property is not property of the estate generally, Florida Rule of Probate and Guardianship Procedure 5.340(a) provides that homestead real property shall be included in the inventory of the property of the estate. Section 735.203(2)(b), Florida Statutes (1979), also requires that the petition for summary administration contain a complete list of the assets of the estate, including those assets claimed to be exempt. Homestead issues may be raised by petition in administration proceedings. See The Florida Bar, Basic Practice Under Florida Probate Code § 19.14 (2d ed. 1981). The Probate Code provides that the circuit court, which now has probate jurisdiction, may determine all issues concerning claims or matters not requiring trial by jury. §§ 731.201(6), 733.705(5), Fla.Stat. (1979). Several recent cases indicate that a probate court may determine factual issues regarding homestead. See Burdick v. Burdick, *596 399 So.2d 410 (Fla. 3d DCA 1981); In re Estate of Johnson, 397 So.2d 970 (Fla. 4th DCA 1981); In re Estate of Yanowsky, 384 So.2d 1297 (Fla. 2d DCA 1980).