[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14226
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-80585-KLR


NEAL M. JACOBSON,

Plaintiff-Appellant,

versus

PFIZER, INC.,
its subsidiaries and divisions/companies (collectively Pfizer),

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 2, 2015)

Before HULL, MARCUS and JULIE CARNES, Circuit Judges.

PER CURIAM:

In this diversity action, Plaintiff Neal M. Jacobson appeals the district court's dismissal of his pro se amended complaint against Defendant Pfizer, Inc. ("Pfizer") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. After review, we affirm.

In 2012, Jacobson pled guilty in Florida state court to the first degree murder of his wife and two children and received three life sentences. In 2013, Jacobson filed this pro se civil action alleging that he committed his crimes while "in a manic and psychotic state" after taking two of Defendant Pfizer's drugs, Zoloft and Xanax.

Jacobson's amended complaint asserted various state-law claims, including fraud, negligence, failure to warn, defective design, breach of express and implied warranties, wrongful death, and unjust enrichment. The heart of all of Jacobson's claims was that possible side effects of Zoloft and Xanax include "homicidal ideations" and "homicidal actions," that he would not have taken these two drugs had he known of these possible side effects, and that as a result of experiencing these side effects, he killed his family. Jacobson sought $25 million in damages for his mental anguish, loss of enjoyment, loss of affection and companionship, and the loss of his freedom, means of living, and all of his possessions. The district court granted Pfizer's motion to dismiss Jacobson's amended complaint,

2

concluding that his state-law claims were barred by Florida's wrongful conduct doctrine.

The Florida Supreme Court has adopted the wrongful conduct doctrine, which is founded on the "fundamental equitable principle that no one shall be permitted to . . . take advantage of his own wrong, or found any claim upon his own iniquity, or profit from his own crime." Ashwood v. Patterson, 49 So. 2d 848, 850 (Fla. 1951) (en banc) (internal quotation marks omitted) (applying the doctrine to deny the transfer of a murder victim's share in an "estate by the entirety" to her spouse who murdered her). Under the wrongful conduct doctrine, a plaintiff is prohibited from bringing a claim to recover for his injuries based on his own illegal conduct. Kaminer v. Eckerd Corp. of Fla., Inc., 966 So. 2d 452, 454-55 (Fla. Dist. Ct. App. 2007) (applying the doctrine to prohibit recovery by an estate against a pharmacy for failure to properly safeguard controlled substances where the decedent voluntarily ingesting Oxycontin stolen from the pharmacy).

Here, the district court did not err in dismissing Jacobson's claims on the ground that they were barred by Florida's wrongful conduct doctrine.[1] Jacobson's claims, with the exception of his unjust enrichment claim, were all explicitly based

---

[1]We review de novo a district court's Rule 12(b)(6) dismissal for failure to state a claim. Chaparro v. Carnival Corp., 693 F.3d 1333, 1335 (11th Cir. 2012). To state a claim for relief, a complaint must allege enough facts for the claim to be facially plausible if the alleged facts are accepted as true. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Dismissal is proper when documents that can be considered at the motion to dismiss stage reveal facts that foreclose recovery as a matter of law. See Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974).

on harms to himself resulting from his own criminal conduct.[2]  As for his unjust enrichment claim, Jacobson's amended complaint did not expressly allege what circumstances rendered it inequitable for Pfizer to retain payments for the sale of Zoloft and Xanax, but the only wrongful conduct asserted in the amended complaint as a whole was the homicidal ideations and acts allegedly caused by those drugs.[3]  Thus, the unjust enrichment claim was also based on Jacobson's illegal conduct, and was barred by the wrongful conduct doctrine.

Jacobson argues that his claims should not be barred because he was insane when he shot his wife and children and did not know that what he was doing was wrong.  The district court, however, took judicial notice of Jacobson's Florida judgment of conviction, which established that Jacobsen pled guilty to three counts of first degree murder, in violation of Florida Statutes § 782.04(1)(a)(1).  See U.S. ex rel. Osheroff v. Humana Inc., 776 F.3d 805, 811 (11th Cir. 2015) (explaining that a district court may consider judicially noticed documents in ruling on a Rule 12(b)(6) motion to dismiss).  By pleading guilty, Jacobson admitted killing his family intentionally and with premeditation.  See Fla. Stat. § 782.04(1)(a)(1) (providing that a person is guilty of first degree murder when he unlawfully kills a

---

[2]Notably, Jacobson did not bring any claims on behalf of his wife or children in a representative capacity.  See Kaminer, 966 So. 2d at 454 (distinguishing cases where the Florida Supreme Court allowed a third party to recover damages rather than the wrongdoer).

[3]Jacobson's proposed second amended complaint, which the district court did not allow Jacobson to file, confirmed that Jacobson's claim was that Pfizer was unjustly enriched by his payments for Zoloft and Xanax because those drugs caused his homicidal ideations and actions.

human being with "a premeditated design to effect the death" of that person or another person); <u>Bolware v. State</u>, 995 So. 2d 268, 273 (Fla. 2008).  As such, under Florida law, Jacobson is estopped from denying that the murders were intentional and premeditated in this civil action.  See <u>Brown v. City of Hialeah</u>, 30 F.3d 1433, 1437 (11th Cir. 1994) (explaining that we apply the state's law of collateral estoppel when determining whether to give preclusive effect to a prior state court judgment and that, under Florida law, a criminal defendant who pled guilty "is estopped from denying his guilt of the subject offense in a subsequent civil action" (internal quotation marks omitted)). [4]

For these reasons, the district court did not err in dismissing Jacobson's amended complaint.

**AFFIRMED.**

---

[4]On appeal, Jacobson states that he filed a post-conviction petition in the state trial court seeking to withdraw his guilty plea as involuntary due to his mental incompetency and the ineffective assistance of his defense counsel, that the state trial court denied his petition, and that his appeal of that ruling is pending in Florida's Fourth District Court of Appeal.  At this juncture, however, the Florida courts have not set aside Jacobson's murder convictions, and he cannot collaterally attack the validity of his guilty pleas in this civil diversity action.