505 So.2d 624 (1987)
Santo J. CAPOCCIA, Jr., As Personal Representative of the Estate of Santo J. Capoccia, Sr., Deceased, Appellant,
v.
Bobbie Jean CAPOCCIA, Michael Knowalsky and Darla Kowalsky, Appellees.
No. 86-1995.
District Court of Appeal of Florida, Third District.
April 14, 1987.
*625 Donald F. March, Sr., Jeanne Heyward, Miami, for appellant.
Lyons & Smith and Ellen Beth Bellet and Robert P. Lithman, Miami, for appellees.
Before HUBBART and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
This is an appeal from a summary final judgment (1) declaring Bobbie Jean Capoccia to be the owner of a one-half interest in certain property formerly owned as a tenancy by the entireties with her deceased husband, Santo J. Capoccia, Sr. and (2) foreclosing a mortgage held by the Kowalskys encumbering Mrs. Capoccia's one-half interest.[1] The appellant, the son of the decedent and the personal representative of his father's estate, contends on this appeal, as he did below, that the whole of the property belongs to his father's estate because Bobbie Jean Capoccia, having been adjudicated guilty of the murder of Mr. Capoccia, had no interest in the property which could be lawfully encumbered after Mr. Capoccia's death. We reject the appellant's contention and affirm the trial court's judgment.
Section 732.802(2), Florida Statutes (Supp. 1982), pertinent here, provides:
"Any joint tenant who unlawfully and intentionally kills another joint tenant thereby effects a severance of the interest of the decedent so that the share of the decedent passes as the decedent's property and the killer has no rights by survivorship. This provision applies to joint tenancies with right of survivorship and tenancies by the entirety in real and personal property; joint and multiple-party accounts in banks, savings and loan associations, credit unions, and other institutions; and any other form of coownership with survivorship incidents."
This provision, added in 1982, was one of several said to be designed to prevent a killer from receiving property passing outside a decedent's estate. Prudential Ins. Co. v. Baitinger, 452 So.2d 140 (Fla. 3d DCA 1984). As the court noted in Baitinger, the prior statute (now subsection (1) of Section 732.802) merely precluded the killer from receiving benefits "from the decedent or to take any part of his estate as a devisee." § 732.802, Fla. Stat. (1981). It appears, however, that even before the addition of subsection (2), the equitable principle that no one shall be permitted to profit by his own wrongdoing served to defeat the claim of a murderer, as surviving spouse, to the whole of an estate by the entirety. Ashwood v. Patterson, 49 So.2d 848 (Fla. 1951). Instead, the long-standing rule in Florida in such a case is that an estate by the entirety is deemed severed when one spouse murders the other, and the property is to be treated as if it had been formerly held as a tenancy in common. Hogan v. Martin, 52 So.2d 806 (Fla. 1951); Ashwood v. Patterson, 49 So.2d 848; In re Estate of Nunnelley, 343 So.2d 657 (Fla. 2d DCA 1977). This rule  expanded to cover all forms of ownership with survivorship incidents  was codified with the enactment of Section 732.802(2).
The appellant's argument that the killer cannot retain even a one-half interest in the entireties property merits little discussion. First, such an argument was rejected in Ashwood v. Patterson; second, the express language of subsection (2) does not call for the complete termination of the killer's interest *626 in the property but merely the termination of the right of survivorship; and third, fundamental rules of statutory construction prevent us from writing into subsection (2), as the appellant urges, the language deliberately set forth in subsections (1) and (3), that the disposition of the property is to be "as if [or as though] the killer had predeceased the decedent."
Accordingly, the judgment under review is
Affirmed.
NOTES
[1] The instrument executed by Mrs. Capoccia in favor of United Mortgage Company, the Kowalskys' assignor, purported to mortgage the whole of the property. Notwithstanding that the Kowalskys were, without dispute, bona fide purchasers for value of the mortgage, they do not now claim that they are entitled to foreclose on more than Mrs. Capoccia's one-half interest and have not cross-appealed the lower court's judgment limiting their relief. See § 732.802(6), Fla. Stat. (Supp. 1982).