SALTER, J.
In these tragic cases, we address the remedies available to a sole surviving son following the murder of his mother by his father and uncle. The appellant in each case is Edward J. LoCascio (Son). The murder victim was Silvia LoCascio, and the co-conspirators convicted of first-degree murder are her then-husband[1] Edward S. LoCascio and brother-in-law Michael LoCascio.
Silvia LoCascio died intestate, and the probate court appointed attorney Leon Sharpe as curator (and later as personal representative).[2] Ultimately the Son and his mother’s estate obtained three judgments against Edward S. LoCascio:
(1) Under the “slayer statute,” section 732.802 Florida Statutes (2001), Edward S. LoCascio was precluded from inheriting any property from Silvia LoCascio, and her estate passed as if Edward S. LoCas-cio had predeceased her. In addition, any rights of survivorship that Edward S. Lo-Cascio held as a joint tenant with Silvia LoCascio at the date of her death were extinguished, and her interest was severed from that of Edward S. LoCascio.[3]
(2) In a separate circuit court lawsuit brought in the civil division, the estate obtained a final judgment of constructive trust against Edward S. LoCascio in November 2008. The constructive trust was declared over all assets of the decedent “that were at the time of her death titled or assigned in the name of Edward S. LoCascio.”[4]
(3) Additional final judgments in the civil lawsuit, entered on the same day as the constructive trust judgment, awarded Sil *1211 via LoCascio’s estate $25,073,485.15 in compensatory damages and $50,000,000 in punitive damages, in each instance against Edward S. and Michael LoCascio, jointly and severally.
The Son commenced two appeals to this Court. In case no. 3D08-1711, the Son argues that the marital residence (the decedent’s and murderer’s homestead)[5] passed in full to him as the mother’s sole heir. The Son bases this argument on the phrase in subsection 732.802(1), that “the estate of the decedent passes as if the killer had predeceased the decedent.” Had Edward S. LoCascio predeceased the decedent, the Son argues, then the decedent would have been vested with sole title to the residence at the time of her death, and that exclusive title would then have passed to the Son under Florida’s law of intestate succession.
We have previously rejected this argument. In Capoccia v. Capoccia, 505 So.2d 624 (Fla. 3d DCA 1987), this Court reconciled subsections (1) and (2) of the statute, explaining that “the express language of subsection (2) does not call for the complete termination of the killer’s interest in the property but merely the termination of the right of survivorship.” Id. at 624-25. Subsection (2) states that the killing “effects a severance of the interest of the decedent,” codifying a prior equitable doctrine that the property in such a case is “treated as if it had been formerly held as a tenancy in common.” Id. at 624.
In the second appeal, Case No. 3D09-118, the Son maintains that the then-personal representative, plaintiff in the civil lawsuit, was erroneously denied relief against Edward S. LoCascio’s property. Specifically, the personal representative sought a constructive trust over all marital property, including Edward S. LoCascio’s rights or interests in that property. Instead, the final judgment of constructive trust was limited to all assets of the decedent, including any such assets “titled or assigned in the name of the defendant Edward S. LoCascio.” The Son maintains that the significance of this alleged error— otherwise appearing moot because of the estate’s judgment liens in amounts tens of millions of dollars greater than the murderer’s known assets — is that the constructive trust over his father’s assets would relate back to the date of his mother’s death.[6]
The slayer statute is not, as presently -written, a forfeiture statute awarding all of a killer’s property to the estate of the victim. Nor does the pre-statutory equitable principle that “no one shall be permitted to profit by his own wrongdoing” include any such forfeiture of the killer’s separate property. Capoccia, 505 So.2d at 624. Accordingly, we find no error in the limitation imposed by the trial judge in the final judgment of constructive trust against Edward S. LoCascio.[7]
*1212 In both appeals, we conclude that the trial court correctly interpreted and applied applicable law. The judgments below are affirmed.

. At the time of the murder (October 2001), Edward S. and Silvia LoCascio were in the midst of a contentious dissolution of marriage proceeding.

. After the commencement of these appeals, the probate court determined that the Son (age 19 at the time of the murder) could take over the responsibilities of personal representative from Sharpe. Sharpe was therefore discharged, and the Son was appointed as successor personal representative. That substitution does not affect our analysis.

. This relief was obtained by the Son in a final judgment in February 2008 in an adversary case brought in his mother's probate proceeding.

. The final judgment identified a number of specific assets, but the constructive trust extended to all assets titled or assigned in Edward S. LoCascio's name at the time of Silvia LoCascio's death, whether or not identified in the list.

. Edward S. LoCascio has acknowledged that any interest he may have in the former marital residence is not homestead property. Following his conviction for the murder, he has been incarcerated for consecutive life sentences.

. During the years between the date of the murder and the entry of the judgment liens against Edward S. LoCascio for over $75,000,000, he apparently incurred substantial indebtedness to one or more law firms for his defense in the murder trial and representation in the probate and wrongful death cases.

.The lower court did not address, nor do we, any lien priority dispute that may exist between the decedent’s estate and any other creditor of Edward S. LoCascio. At this juncture it does not appear that the estate and Edward J. LoCascio were parties to the proceeding in which Edward S. LoCascio con *1212 sented to a civil judgment in favor of his attorneys.