SALTER, J.
This is an appeal by a law firm, Carlton Fields, from two orders subordinating its judgment for attorney’s fees and costs payable by its client to a. later-entered judgment for damages against that client in a separate case. Finding that there is no basis to apply the equitable subordination doctrine, we reverse the orders.
Edward S. LoCascio (Father) was accused, and later convicted, of murdering his wife in 2001. The couple had a son, appellee Edward J. LoCascio (Son). Beginning in 2002, Carlton Fields represented the Father in the probate proceedings regarding his late wife’s estate. Starting in 2003, it also represented the Father in Slayer Statute[1] and wrongful death actions brought against him by the Son. In late 2001, the probate court froze assets jointly owned by the Father and his late wife.
The Father was convicted in February 2007 of arranging the murder of his wife by his brother. The firm sued the Father in April 2007 to recover its unpaid fees and costs. In May 2007, the Father agreed to a consent judgment which was in turn entered by the circuit court. The final judgment ($808,212.92) was recorded in Miami-Dade and Palm Beach Counties, and a judgment lien certificate was issued later that same month. Although the Son has asserted that the amount of unpaid attorney’s fees and costs embodied in the Carlton Fields final judgment is “eollu-sive,” he provided no evidence that the law firm’s attorneys did not provide the applicable legal services, actually expend the hours billed (at reasonable hourly rates), or incur the costs charged.[2] There is no evidence in the record to suggest that in filing its collection suit, and in obtaining and perfecting a judgment lien, Carlton Fields.had any intention to harm the Son, benefit the Father, or accomplish .anything other than the collection of actually-incurred fees and costs for legal services.
Eighteen months later, in November 2008, the Son obtained a compensatory and punitive damages judgment (for over $75 million) against the Father in the wrongful death action. In November 2009, the Son moved to subordinate the Carlton Fields fee judgment to his own judgment in the wrongful death action, so that he could levy against his Father’s assets first, before the law firm. The trial court granted the motion and subordinated the law firm’s fee judgment. This appeal followed.

Analysis

Equitable subordination is an “extraordinary remedy” typically sought in a bankruptcy proceeding to address “gross misconduct” or actions by a creditor that are “egregious and severely unfair, to other creditors.” Toy King Dist. v. Liberty Sav. Bank, 256 B.R. 1 (M.D.Fla.2000). The elements of equitable subordination are:
(1) “The claimant must have engaged in some type of inequitable conduct.” (2) “The misconduct must have resulted in injury to the creditors of the .bankrupt or conferred an unfair advantage on the claimant.” (3) “Equitable subordination *248 of the claim must not be inconsistent with the provisions of the Bankruptcy Code.”
Id. 256 B.R. at 195 (quoting Benjamin v. Diamond (In re Mobile Steel Co.), 563 F.2d 692, 699-705 (5th Cir.1977)). In Pepper v. Litton, 808 U.S. 295, 311, 60 S.Ct. 238, 84 L.Ed. 281 (1939), the Supreme Court of the United States observed that the common thread in such cases is “the violation of rules of fair play and good conscience by the claimant ... in disregard of the standards of common decency and honesty.” There is simply no evidence of any of these elements in this case.
The Father was entitled to retain legal counsel. Carlton Fields was entitled to agree to represent him. Any firm representing the Father would have been entitled to charge for its services. The firm took reasonable steps to legally protect and collect its claim for fees due. There is nothing inherently fraudulent or inequitable about these activities; they are not a “violation of the rules of fair play and good conscience.” Id.
The Son’s argument that Carlton Fields’ judgment against his Father is a collusive agreement, a “misuse of court process,” or a “sham,” is not persuasive. The Son did not present any evidence to demonstrate that the Carlton Fields judgment represented anything other than a bona fide effort to collect upon a duly-incurred debt for services rendered. Similarly, allegations that Carlton Fields’ collection lawsuit and judgment against the Father were “unbeknownst” to the Son and his counsel in the -wrongful death case (and in the probate case regarding his late mother’s estate) are unsupported by any legal authority imposing a duty upon Carlton Fields to give such notice to the Son. Nor can the consent judgment be considered a “fraud on the court,” as the Son has called it. If anything, it promoted judicial economy by avoiding senseless litigation regarding an undisputed debt.
Finally, the Son argues that a reversal of the subordination orders (restoring the priority of the Carlton Fields judgment against the Father’s remaining assets) would result in a “perversion of Florida law” by making the Son pay Carlton Fields’ fees and costs incurred in representing the very man who murdered his Mother. But the Father was not and could not be prohibited from hiring and agreeing to pay an attorney to represent him. It follows that neither he nor his attorneys did anything inequitable in recording the amount owed Carlton Fields in a final judgment and lien.
The orders subordinating judgment are therefore reversed.

. § 732.802, Fla. Stat. (2001). The Slayer Statute claims were addressed here in a prior appeal, LoCascio v. Sharpe, 23 So.3d 1209 (Fla. 3d DCA 2009).

. The Son does not question the hours billed, the hourly rate, the costs charged, or the total billings. These topics could have been, but were not, questioned at the hearing on the motion to subordinate the Carlton Fields judgment. At oral argument, counsel for the Son acknowledged that the issue is the priority of the Carlton Fields judgment, not the amount.