SALTER, J.
 

 The petitioners and appellants in these consolidated cases, Carlton Fields, P.A., and Gary W. Pollack, are creditors holding priority liens on Edward S. Locascio’s property. They petition for a writ of prohibition to preclude a probate court judge from continuing to exercise jurisdiction
 
 *612
 
 over Edward S. Locascio’s property. We grant the petition.
 

 This Court has already considered the ownership interests of Edward S. Locascio and the Estate following Edward S. Locas-cio’s conviction for the murder of the decedent. We held that Edward S. Locascio maintained a 50% interest in the house as non-homestead property. The decedent’s 50% homestead interest in the house passed to her son, Edward J. Locascio, outside of probate.
 
 LoCascio v. Sharpe,
 
 28 So.3d 1209 (Fla. 3d DCA 2009). That is law of the case. The probate court recognized this in an order determining the status of property, but it has directed that the net proceeds of the approved sale of the property allocable to Edward S. Locas-cio be deposited into the registry of court. The petitioning creditors have refused to release their recorded liens unless the closing agent disburses Edward S. Locascio’s net proceeds to the creditors in order of priority (to the extent of such proceeds, which will be insufficient to satisfy all of the judgment hens).
 

 Prohibition is an appropriate, if extraordinary, remedy to prevent a court from acting in excess of its jurisdiction.
 
 English v. McCrary,
 
 348 So.2d 293 (Fla. 1977). In the case at hand, the probate court is without jurisdiction to continue controlling Edward S. Locascio’s interest in the residence or in his share of the net proceeds of sale, because they are not a part of the Estate of Sylvia Locascio or otherwise under the jurisdiction of the probate court. We therefore grant the petition for prohibition. The lienholders’ undisputed, recorded liens against Edward S. Locascio’s property and proceeds shall be recognized as required by law and outside the administration of the Estate.
 
 See Carlton Fields v. LoCascio,
 
 59 So.3d 246 (Fla. 3d DCA 2011). We trust that it will not be necessary to issue the writ.
 

 Petition granted.